**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Karin L. DUKEHART, Jeffrey Joe Hinton, and Chuck Dearborn David, Defendants-Appellants.**

**Nos. 79–1788 to 79–1790 (Trial Group K).**

United States Court of Appeals, Tenth Circuit.

June 17, 1982.

Rehearing Denied Aug. 11, 1982.

John S. Evangelisti of LaFond & Evangelisti, Denver, Colo. (Jonathan L. Olom, Denver, Colo., Timothy Correll, Denver, Colo., Cathlin Donnell of Kelly, Haglund, Garnsey, Kahn & Donnell, Denver, Colo., and Douglas E. Larson, Englewood, Colo., on the briefs), for defendants-appellants.

Nancy E. Rice, Asst. U. S. Atty., D. Colo., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLO-WAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

On Petition For Rehearing En Banc

SETH, Chief Judge.

These are part of a series of eighty-six appeals from convictions for violating 42 U.S.C. §§ 2278a(a) and (b) and 10 C.F.R. §§ 860.3, 860.5(a), and 860.6.

Members of Trial Group K were arrested on the railroad tracks near Rocky Flats. The following facts are relevant to this group.

The railroad tracks on which this group was arrested are located southwest of Rocky Flats. See Appendix A attached. The tracks run roughly parallel to Highway 93 for about one or two miles from the juncture of the tracks and State Highway 72 before turning due east and entering the inner perimeter of the plant. The land surrounding the tracks in this area is owned either by the State of Colorado and leased to Marcus Church (who operates a cattle business on the land) or by a private party. The railroad tracks and a strip of land fifty feet wide on each side of the tracks constitute an easement across the land. See 44 Fed.Reg. 22145 (April 13, 1979). Other than Department of Energy (DOE) and Rockwell personnel who regularly patrol the tracks on a specially equipped vehicle, the only persons regularly authorized in the area are Church, his employees, and his cattle. Church and his employees are not authorized to be on the tracks or the surrounding easement, however. Others apparently share rights in this easement.

Between 12:00 and 1:00 p.m. on April 29, a large group of demonstrators gathered at the junction of Colorado Highway 93 and 72, southwest of Rocky Flats. The protesters proceeded north along the west side of Highway 93 for approximately a mile before dividing into two groups. One group continued along the highway toward the west access road, the other, consisting of approximately 100 demonstrators plus as-sorted supporters and others, crossed to the east side of Highway 93, climbed over a cattle fence, and proceeded east several hundred yards across a field toward the railroad tracks. They then proceeded north along the tracks, within the boundaries of the easement, some 150–175 yards toward the junction with the clay pit road where Rockwell personnel and the United States deputy marshals awaited them.

The marshals and Rockwell people observed the group with field glasses as they walked up the tracks. The demonstrators passed at least two no trespassing signs advising that the property was subject to DOE jurisdiction. The signs were posted at staggered intervals along each side of the tracks at distances of approximately 250 feet and within the 100-foot easement. There was also testimony that the signs were considerably closer together at some points along the tracks.

When the group stopped and sat down on the tracks, several representatives proceeded along the tracks to where the marshals and Rockwell security people were waiting. The representatives were advised by both Sonny Crews, the Rockwell security officer in charge, and Eddie DeHerrera, the deputy marshal in charge, that they were trespassing and subject to arrest. The representatives asked when they would be arrested and were told that the arrests would occur within a few hours. The representatives were requested to transmit the message that they were trespassing to the rest of the group and agreed to do so. Arrests of the railroad tracks group were delayed because the buses needed to transport them were otherwise engaged at the east and west access roads of Rocky Flats.

At approximately 2:45 p. m. buses were moved into position near the tracks. De-Herrera and Crews walked down the tracks where both advised the protesters through a bullhorn that they were trespassing on government property and would be arrested if they did not leave. Those people on the railroad tracks were given the opportunity

to leave prior to being arrested. After 15 or 20 seconds when no one moved, DeHerrera advised them they were under arrest. Each demonstrator was individually advised of his or her arrest by a marshal, turned over to a Rockwell security officer, and escorted or carried to the waiting buses. The protester was patted down, photographed with the attending marshal or security officer, and loaded on the bus. About a hundred demonstrators were arrested at this location.

For a summary of post-arrest and pretrial proceedings, see *United States v. Seward*, 687 F.2d 1270 (10th Cir.), filed this date.

On appeal to this court, the members of Trial Group K raise the following issues:

1. The trial judge erred in refusing to allow appellants to present to the jury the defense of "necessity" or "choice of evils."

2. The convictions are invalid because the designation of boundaries in the Federal Register on April 13, 1979 fails to comply with the provisions of 5 U.S.C. §§ 551, et seq., 42 U.S.C. §§ 7191, et seq., and 10 C.F.R. §§ 860.1, et seq., as well as internal DOE standards published at 44 Fed. Reg. 1032 (January 3, 1979).

3. Government ownership of a nonexclusive easement at the arrest site is an insufficient possessory interest in land to sustain a conviction for trespass upon "real property" in violation of 42 U.S.C. § 2278a and 10 C.F.R. § 860.3.

4. The trial court erred in denying appellants' motion to dismiss on the grounds of selective prosecution.

The disposition of the first issue is controlled by our decision in *United States v. Seward*. The second and third issues are controlled by the court's decision in *United States v. Thompson*, 687 F.2d 1279 (10th Cir.), filed this date.

Defendants claim the trial court erred in refusing to dismiss the information on the basis of selective prosecution because there were numerous other people within the vicinity of the railroad tracks who were neither arrested nor prosecuted. Defendants give the following account of the arrests. A general warning, to leave or be arrested, was given to all people on the railroad spur. The protesters, identified by red arm bands, and most of the onlookers and the press did not leave the area, but the United States marshals arrested only the protesters. Defendants argue the elements of selective prosecution are present here because only an identifiable group, those exercising free speech as evidenced by the red arm band, were arrested, and others similarly situated, those located on federal property hearing the warning, were not arrested.

■ Selective prosecution or enforcement is not unconstitutional if the selection is not based deliberately on an unjustifiable categorization such as race and religion. *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962). Free speech is an unjustifiable category. *United States v. Scott*, 521 F.2d 1188, 1195 (9th Cir. 1975), *cert. denied*, 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976). *See also United States v. Steele*, 461 F.2d 1148, 1151–1152 (9th Cir. 1972) (conviction reversed). But as an element of showing selective prosecution, the defendant has the burden of proving a prima facie case that others similarly situated have not been prosecuted for the same conduct, as well as that the selection was based on the impermissible criteria. *Id.*

■ The government's position is that all those who did not leave the area when warned were arrested. Marshal DeHerrera testified that his primary concern was the people actually sitting, standing or lying on the tracks, and that had anyone remained on the easement after people on the tracks were arrested they would also have been arrested. In oral argument the government attorney asserted that the marshals arrested those who were nearest the plant, and continued to arrest everyone who did

not move off the restricted property before the marshals reached that individual. Defendants' attorneys did not contradict this assertion. Testimony indicates that none of the nonarrestees sat or laid down on the tracks. Also, none of those *not* arrested refused to leave the property; all those who agreed to leave were not arrested. Therefore, we find no basis in fact to support the selective prosecution contention.

For the reasons set forth above and for the reasons set forth in *United States v. Seward* and *United States v. Thompson*, the judgments are affirmed.

## APPENDIX A

WEST ACCESS ROAD

PLANT BOUNDARY as designated in

RAILROAD SPUR    Fed. Reg. April 13, 1979

SECTION LINES

PLANT BOUNDARY as designated in 1975

0    0 5    1
MILES

[FR Doc. 79-11571 Filed 4-12-79; 8:45 am]
BILLING CODE 6450-01-C