FILED
United States Court of Appeals
Tenth Circuit

**June 24, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LEO J. SCHWARTZ, III,

      Plaintiff-Appellant,

v.

NEW MEXICO CORRECTIONS
DEPARTMENT PROBATION AND
PAROLE; REGION III–DISTRICT
VII–SOCORRO COUNTY DIVISION
OF PROBATION AND PAROLE;
CHARLES RUTTA; JAMES R.
BUNNELL; TONYA TOOMEY;
ROBERT MAY; CHARLENE
KNIPFING; SEAN GIFFORD,

      Defendants-Appellees.

No. 09-2302
(D.C. No. 1:09-CV-00772-KBM-ACT)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Leo J. Schwartz, III, appearing pro se in the district court and on appeal, filed a complaint against the defendants under 42 U.S.C. § 1983.  In the first three counts of his complaint, Mr. Schwartz asserted that defendants violated his equal-protection rights and his rights under the First and Fourteenth Amendments in connection with the revocation of his probation.[1]  In his fourth count, he asserted that his constitutional rights were violated by a temporary seizure of his storage unit after he was jailed for the probation violation. Mr. Schwartz consented to a magistrate judge conducting all the proceedings in his case.  The magistrate judge screened the case, denied his motion to proceed *in forma pauperis* (IFP), and dismissed his complaint for failing to state a claim on which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  She dismissed the first three counts with prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The magistrate judge dismissed the fourth count without prejudice for failure to state a claim upon which relief could be granted.  She also denied his motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith.  Mr. Schwartz appeals, arguing (1) the magistrate judge erred in denying his motion to proceed IFP and his motion to proceed IFP on appeal; (2) the magistrate judge erred in dismissing counts one through three with prejudice for failure to state a claim upon which relief could be granted; and (3) the magistrate

---

[1]     According to the complaint, the individual defendants are all employees of the New Mexico Corrections Department of Probation and Parole.

judge erred in determining that his constitutional rights were not violated by the seizure of his storage locker. We have jurisdiction over Mr. Schwartz's appeal under 28 U.S.C. 1291, and affirm, although in some cases for reasons other than those relied on by the district court.

## I. BACKGROUND

Mr. Schwartz pled guilty in 2007, in New Mexico state court, to possession of a firearm or destructive device by a felon. He was sentenced August 10, 2007, to a term of eighteen months, followed by one year of parole. The sentence was suspended and Mr. Schwartz was placed on supervised probation for eighteen months. Four days later Mr. Schwartz was placed in custody for violating his probation conditions. On November 5, 2007, the court entered an order revoking Mr. Schwartz's probation, finding that "in open court . . . , the Defendant entered an admission to violating Standard Probation #15 by consuming alcohol while on probation." R., Vol. 1 at 22. The court revoked Mr. Schwartz's probation based solely on this admission, noting that "[t]he remaining charged probation violations filed in the Motion to Revoke Probation are dismissed by the State." *Id*. at 23.

The first count of Mr. Schwartz's complaint asserted that probation officers violated his constitutional right to equal protection under the law because they did not seek to revoke the probation of another probationer, with whom Mr. Schwartz was arrested and who had also consumed alcohol. The second count of the

complaint asserted that the probation condition prohibiting the use of alcohol violated his liberty interest in drinking alcohol. The third count argued that the special conditions, allegedly subjecting Mr. Schwartz's decisions as to where he lives and works to approval of the probation officer in charge of his case, violated his constitutional rights. As to the fourth count, the complaint asserted that sometime after Mr. Schwartz's arrest, a probation officer obtained a search and seizure warrant for a storage unit he owned and placed a new lock on the unit. Mr. Schwartz asserted that the replacement of the lock violated his constitutional rights because "[n]obody was able to enter [his] storage unit . . . until after . . . [his] probation was revoked[.]" *Id*. at 15.

## II. ANALYSIS

A. <u>IFP Status</u>

Mr. Schwartz first argues that the magistrate judge did not have authority to deny him IFP status under *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). That case is inapposite because it dealt with the scope of a magistrate judge's power under 28 U.S.C. § 636(b). Mr. Schwartz, however, agreed in writing that, under § 636(c), the magistrate judge could conduct all the proceedings. *See* 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a . . . magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.").

Mr. Schwartz also argues that the magistrate judge erred in denying his motion to proceed IFP. "[W]e review the district court's denial of IFP status for an abuse of discretion." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Mr. Schwartz argues the magistrate judge abused her discretion because he has no money. But the judge's denial was not based on Mr. Schwartz's financial status. The motion was denied for the same reason the judge dismissed Mr. Schwartz's case: i.e., the failure of the complaint to present a reasoned, nonfrivolous argument in support of the issues raised therein. *See id.* ("[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action.").

B. Heck v. Humphrey

We turn now to Mr. Schwartz's argument that the court erred in dismissing the first three counts of his complaint as barred by *Heck v. Humphrey*.[2]

> We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on

---

[2]      We note that Mr. Schwartz also briefly argues that he included sufficient "names, dates, times, locations, and specific people" to support his complaint. Aplt. Br. at 11. This argument must fail because the magistrate judge's dismissal was not based on a failure to allege enough specific facts. Instead she dismissed the complaint because the facts that were alleged failed to state a claim upon which relief could be granted.

the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.

We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. We recently gave fuller meaning to our standard for Rule 12(b)(6) motions in light of the Supreme Court's 2007 decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Erickson v. Pardus*, 551 U.S. 89 (2007). In the Rule 12(b)(6) context, we look for plausibility in the complaint. In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.

In addition, we must construe a pro se appellant's complaint liberally. This liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.

*Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007) (citations, quotations, and alterations omitted).

We must first consider Mr. Schwartz's complaint that the magistrate judge erred in dismissing his first three counts with prejudice. He argues that "[a]lthough a court has the inherent power to dismiss an action for want of prosecution in order to achieve the speedy resolution of [a] case[,] [d]ismissal of an action with prejudice is a severe sanction." Aplt. Br. at 9. This argument must fail because the magistrate judge did not dismiss Mr. Schwartz's claims as a sanction; she found that it would be futile to allow Mr. Schwartz to amend his

complaint as to those claims. We therefore turn to the Mr. Schwartz's claim that the dismissals were improper.

"*Heck* confronted the issue of § 1983 claims brought to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). Consequently, under *Heck*,

> to recover damages for an unconstitutional conviction or imprisonment a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

*Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). "The purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citing *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam)). In *Crow*, we held that Heck's ruling applies to parole revocations. *Crow*, 102 F.3d at 1087; *see also Kay*, 500 F.3d at 1221 (affirming district court's dismissal of § 1983 challenge to parole revocation under *Crow*).

i. Selective Prosecution

In his first argument, Mr. Schwartz asserts that the defendants violated his constitutional rights by seeking to have the state court revoke his probation for

drinking alcohol, but not seeking to have the probations revoked of other probationers who also drank alcohol. This is essentially an attempt to collect compensatory and punitive damages against the defendants for selective prosecution.

Selective prosecution is generally a complete defense to a criminal charge. *See Kramer v. Village of N. Fond du Lac*, 384 F.3d 856, 862 (7th Cir. 2004) ("Selective prosecution and entrapment are complete defenses to a crime. If [a defendant] had successfully asserted either one of them at his trial, [he] would not have been convicted."). In order to prevail on a defense of selective prosecution, a defendant must prove

> first, that he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against him; and second, that the Government's selection of him for prosecution was invidious or in bad faith and was based on impermissible considerations such as race, religion, or the desire to prevent the exercise of constitutional rights.

*United States v. Davis*, 339 F.3d 1223, 1228 n.3 (10th Cir. 2003) (quoting *United States v. Salazar*, 720 F.2d 1482, 1487 (10th Cir. 1983)); *see also United States v. Dukehart*, 687 F.2d 1301, 1303 (10th Cir. 1982) ("Selective prosecution or enforcement is not unconstitutional if the selection is not based deliberately on an unjustifiable categorization such as race and religion."). This court has recognized the availability of habeas relief for an individual in custody who shows that the revocation of his parole was discriminatory. *See Barton v. Malley*,

626 F.2d 151, 154-157 (10th Cir. 1980).  Thus, Mr. Schwartz's claim would seem to be barred by *Heck* as an improper challenge to his probation revocation under the guise of a § 1983 action.

But Mr. Schwartz argues that *Heck* should not apply because "he was released from the New Mexico Correction Department on **November 4th, 2008**, and is **not** on parole or probation."  Aplt. Br. at 29.  Assuming arguendo that *Heck* is not applicable to § 1983 claims brought by a prisoner who is no longer "in custody," and therefore ineligible for habeas relief, *see Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004) (noting that *Heck* may not apply when a plaintiff has no vehicle to challenge the underlying conviction, but not deciding the question), this statement would appear to conflict with the record.

The November 5, 2007, order revoking Mr. Schwartz's probation provides that "the balance of time left remaining on probation, a period of Thirteen (13) Months and Five (5) Days is suspended except for Three Hundred Sixty Six (366) Days which is imposed and the Defendant is to serv[e] this time in the Department of Corrections, followed by One (1) Year Parole."[3]  R., Vol. 1 at 23. Thus, under the terms of the court's order, Mr. Schwartz would still have been "in

---

[3]    In his complaint, Mr. Schwartz asserted:  "On **October 30th, 2007**, the Plaintiff's probation was revoked, and the Plaintiff was re-sentenced to eighteen (18) months in New Mexico Corrections Department, followed by one year of parole."  R., Vol. 1 at 6.

custody" for two years from November 5, 2007.[4]  *See Mays v. Dinwiddie*,

580 F.3d 1136, 1139 (10th Cir. 2009) (noting that "in *Jones v. Cunningham*,

[371 U.S. 236, 241-43 (1963),] the Supreme Court concluded that a habeas

petitioner who had been placed on parole was still 'in custody' under an

unexpired sentence because of the restraints and conditions set forth in the parole

order").  Because Mr. Schwartz filed his § 1983 complaint on August 10, 2009, it

appears that he was still "in custody" at that time, and could therefore have

brought his selective prosecution claim in a habeas action.  *See Sevier v. Turner*,

742 F.2d 262, 268 (6th Cir. 1984) (holding that whether a habeas corpus

petitioner is "in custody" for habeas purposes is determined at the time the

complaint is filed).

But even if (1) Mr. Schwartz was not on parole at the time he filed his

complaint, and (2) we were to determine that *Heck* is not applicable to

Mr. Schwartz's claims, dismissal would still be appropriate.  "This court can

affirm the district court's dismissal on any ground sufficiently supported by the

record[,]" *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 882

(10th Cir. 2005), and it is clear that Mr. Schwartz is simply asserting that it was

improper for the defendants to seek to revoke his probation when they did not

seek to revoke the probation of other probationers who also violated probation

conditions.  *See* R., Vol. 1 at 10-11 (claiming that Mr. Schwartz knows of a

---

[4]     There were 366 days in 2008, which was a leap year.

-10-

number of other probationers who violated probation conditions without having their probations revoked). Mr. Schwartz's count therefore fails to raise a claim upon which relief could be granted because "[s]elective prosecution or enforcement is not unconstitutional if the selection is not based deliberately on an unjustifiable categorization such as race and religion." *Dukehart*, 687 F.2d at 1303.

ii. Right to Consume Alcohol

In his second count Mr. Schwartz argued that the probation condition imposed by the state court prohibiting the use of alcohol violated his liberty interest in drinking alcohol. This claim is not barred by *Heck* because it is not actually a claim against the defendants, because they did not impose the probation condition about which Mr. Schwartz complains; instead, the sentencing court did. Under New Mexico law:

> A New Mexico district court has statutory authority to place a convicted defendant on supervised probation. Probation is a form of criminal sanction; it is one point on a continuum of possible punishments. A court may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.

> If the court orders probation, the court shall attach to its order suspending sentence such reasonable conditions as it may deem necessary to ensure that the defendant will observe the laws of the United States and the various states and the ordinances of any municipality. The court may require that a person on probation satisfy any other conditions reasonably related to his rehabilitation. To be reasonably related, the probation condition must be relevant to the offense for which probation was granted.

*State v. Baca*, 90 P.3d 509, 516 (N.M. Ct. App. 2004) (quotations, citations, and alterations omitted). Thus, Mr. Schwartz's second count, which claims that "individuals whose crimes are not alcohol related" should not "be restricted from consuming alcohol" while on probation, R., Vol. 1 at 12, and that it is unconstitutional to impose such a restriction, is not a collateral attack on the order revoking his probation that would be barred by *Heck*. It is a direct attack on the state court's orders imposing the conditions of his probation and the court's probation revocation on those grounds. Nevertheless, affirmance of the dismissal is still required, albeit for failure to state a claim against the *defendants* upon which relief could be granted. *See GF Gaming Corp.*, 405 F.3d at 882 ("This court can affirm the district court's dismissal on any ground sufficiently supported by the record.").

iii. Right To Be Free of Restriction on Where to Live

Mr. Schwartz's third point claims that the special conditions subjecting Mr. Schwartz's decisions as to where he lives and works to approval of the probation officer in charge of his case, which were imposed in the court's 2007 order suspending his sentence and placing him on probation, violated his constitutional rights. First, the court imposed two special conditions about which Mr. Schwartz complains: (1) "That the Defendant may transfer probation supervision to wherever he moves to subject to the approval of the Adult Probation Parole Officer"; and (2) "That the Defendant may obtain employment

-12-

outside the 7th Judicial District subject to approval from the Adult Probation

Parole Officer." R., Vol. 1 at 20. Neither of these conditions ordered

Mr. Schwartz to reside and seek employment in another county, they simply

*allowed* him to do so subject to the approval of his probation officer. Further,

Mr. Schwartz's complaint asserts that the requirement that he reside and seek

employment in anther county was a condition that he agreed to in his plea

agreement.[5] Thus, Mr. Schwartz's third argument is an attack against the plea

agreement's alleged requirement that he move to another county, and the

sentencing court's imposition of a condition that such a move be approved by the

probation officer. It is not an attack against the revocation order, which was in no

way based on a failure to comply with the plea agreement. Further, it is not an

attack against defendants; Mr. Schwartz complains that his decisions about where

to live and work were subject to their approval under the court's order, not that

they withheld that approval in some constitutionally-defective manner. Thus,

Mr. Schwartz's third count should also have been dismissed for failure to state a

claim against the defendants upon which relief could be granted.[6]

---

[5]     The court's August sentencing order reflected that Mr. Schwartz had entered a guilty plea which had been accepted by the court and filed two months previously. A copy of the plea or plea agreement has not been provided to this court.

[6]     We acknowledge that "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). Therefore, dismissal of a pro se plaintiff's

(continued...)

-13-

## C. Unconstitutional Seizure

Mr. Schwartz's final argument is that the magistrate judge erred in dismissing his claim that the brief seizure of his storage unit violated his constitutional rights. The judge dismissed this claim without prejudice because he had failed to allege that the seizure caused him any injury. The legal sufficiency of a complaint under Rule 12(b)(6) is a question of law that we review de novo. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

In his complaint, Mr. Schwartz alleged that a friend could not access his unit. Because Mr. Schwartz was in jail during the period that the locker was seized, the magistrate judge concluded that he therefore personally suffered no injury due to the temporary placement of a lock. On appeal, Mr. Schwartz revises his factual allegations. His attack on the magistrate judge's ruling amounts to copying the fourth count of his complaint into his appellate brief, and then changing the factual allegations to assert that his friend who tried to enter the

---

[6](...continued)
complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotation omitted). But here, we see no problem in affirming the dismissal with prejudice of Mr. Schwartz's first three counts on the ground that they failed to state a claim upon which relief could be granted. His first count is based upon the mistaken belief that disparate treatment is per se discriminatory and his second and third counts do not raise claims against the defendants. Amendment of Mr. Schwartz's complaint as to these points would be futile.

storage unit was doing so at Mr. Schwartz's request and that he suffered damages from his friend not being able to access the locker.  But in reviewing the dismissal, "all facts alleged in *the complaint* are taken as true and all reasonable inferences are indulged in favor of the plaintiffs."  *GF Gaming Corp.*, 405 F.3d at 881 (emphasis added).  Mr. Schwartz may not accuse the magistrate judge of dismissing in error based on factual allegations that were not before her.

D.  Motion to Proceed IFP on Appeal

Finally, we must address Mr. Schwartz's motion to proceed IFP on appeal. "A motion to proceed ifp on appeal, supported by required documents, must be made in the first instance to the district court."  *Boling-Bey v. U.S. Parole Com'n*, 559 F.3d 1149, 1154 (10th Cir. 2009) (citing Fed. R. App. P. 24(a)(1)).  Here, the magistrate judge denied Mr. Schwartz's motion and certified that Mr. Schwartz's appeal was not in good faith.  Under Section 1915, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).

Mr. Schwartz first claims to be appealing this certification, but Rule 24(a)(5) "establishes a subsequent motion in the court of appeals, rather than an appeal from the order of denial or from the certification of lack of good faith, as the proper procedure for calling in question the correctness of the action of the district court."  *See* Fed. R. App. P. 24 advisory committee's notes (1967).  Thus, "a party who seeks in forma pauperis status and is certified by the district court as

not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in Rule 24(a)(5)." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Mr. Schwartz has filed a motion with this court to proceed IFP on appeal. "Our consideration of an appropriate and timely motion is not a review of the district court's denial, but an original consideration." *Boling-Bey*, 559 F.3d at 1154. To proceed IFP on appeal "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Schwartz has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.

### III. CONCLUSION

The judgment of the district court is AFFIRMED. Mr Schwartz's motion to proceed IFP on appeal is DENIED.

Entered for the Court

David M. Ebel
Circuit Judge