**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL WELCH,

      Petitioner-Appellant,

v.

KEVIN L. MILYARD; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 11-1214
(D.C. No. 1:11-CV-00548-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Daniel Welch, a Colorado state inmate proceeding pro se,[1] seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1)(A) so that

---

[*]      This Order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

      After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Welch is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

he may challenge the district court's denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Welch also moves for leave to proceed *in forma pauperis* on appeal. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Welch's application for a COA and dismiss this appeal. We also deny Mr. Welch's request to proceed *in forma pauperis*.

## BACKGROUND

In October 2005, Mr. Welch pleaded guilty to one count of Sexual Assault of a Child—Pattern of Abuse, in violation of Colo. Rev. Stat. § 18-3-405(1) and (2)(d), and was sentenced to twenty years' imprisonment. His conviction was affirmed on direct appeal, and the Colorado Supreme Court denied certiorari on December 31, 2007. At each stage, Mr. Welch raised a single issue: whether "[t]he trial court abused its discretion when it failed to consider all [the] relevant sentencing factors[] and exclusively focused on the harm to the victim[] when sentencing" him. R. at 88 (Aplt.'s Opening Br. in *People v. Welch*, No. 06CA0358).

Shortly after the Colorado Supreme Court denied review of his direct appeal, Mr. Welch filed a motion for reconsideration of his sentence pursuant to Colorado Criminal Procedure Rule 35(b), which the district court promptly denied in May 2008. A subsequent motion for correction of an illegal sentence filed pursuant to Colorado Criminal Procedure Rule 35(a) also was denied in February 2009.

Mr. Welch appealed the denial of his Rule 35(a) motion, arguing that his sentence—which had been enhanced by virtue of its designation as both an extraordinary-risk crime and a per se crime of violence—violated the principles laid down in both *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). The Colorado Court of Appeals affirmed, concluding that Mr. Welch's "*Apprendi/Blakely* claim . . . is barred because he could have raised it on direct appeal." R. at 67 (*People v. Welch*, No. 09CA0436 (Colo. App. June 17, 2010) (unpublished opinion)) (citing Colo. R. Crim. P. 35(c)(3)(VII)). It further determined that Mr. Welch's claim would fail regardless because the "*Apprendi*/*Blakely* principles are not implicated here because . . . [Mr. Welch's] sentence is within the special penalty range for a class three felony that is both an extraordinary risk crime and a crime of violence." *Id.* at 68.

Following denial of his petition for certiorari to the Colorado Supreme Court, Mr. Welch initiated the instant habeas proceeding in the United States District Court for the District of Colorado. In his application for relief, Mr. Welch asserted a variety of claims, only two of which alleged a federal constitutional violation, as is required for relief under 28 U.S.C. § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Those claims were: (1) that Mr. Welch's "twenty-year sentence violates . . . his Sixth Amendment right to trial by jury as articulated in" *Apprendi*

and *Blakely*; and (2) "that his guilty plea was not entered into knowingly and is invalid because he was not advised of the statutory extraordinary risk or crime of violence sentencing provisions." *Id.* at 127 (Order of Dismissal, filed Apr. 27, 2011). As to his second claim, he also asserted that "he did not admit to a factual basis to support the sentence imposed." *Id.*

The district court denied Mr. Welch's application for habeas relief, concluding that both claims were procedurally barred, and that Mr. Welch had shown neither the cause nor the prejudice necessary for a federal court to consider his procedurally barred claims. In addition, it denied him a COA. Mr. Welch now seeks leave from this court to challenge the district court's decision.

## STANDARD OF REVIEW

"A COA is a jurisdictional pre-requisite to our review," *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)); *accord* 28 U.S.C. § 2253(c)(1)(A), and we will grant a COA "only 'if the applicant has made a substantial showing of the denial of a constitutional right,'" *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)) (internal quotation marks omitted).  Put differently, to satisfy this standard an applicant must show that the district court's resolution of the applicant's constitutional claims was either "debatable or wrong."  *Slack*, 529 U.S. at 484.  Furthermore, where the district court denied the applicant relief "on procedural grounds, the applicant faces a double hurdle.  Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'"  *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack*, 529 U.S. at 484).

## DISCUSSION

Before this court, Mr. Welch reasserts both his claim that application of Colorado's aggravated sentencing range for extraordinary-risk crimes and per se crimes of violence contravened the principles of *Apprendi* and *Blakely*, as well as his claim that he was denied due process when the court allowed him to plead guilty without adequate advisement concerning the consequences of these aggravated factors.[2]  Our review of Mr. Welch's claims is circumscribed by the

---

[2]     Beyond these two challenges, Mr. Welch also hints at additional claims, including: an ineffective-assistance-of-counsel claim, *see* Aplt.'s Combined Opening Br. & Appl. for COA at 10 [hereinafter Aplt.'s Combined Br.] ("Mr. Welch was relying on his attorney to adequately represent him, and by raising [only a frivolous] claim that the Court had clearly already taken into consideration [on direct appeal], no real issue was presented, such as [his] current claims [for habeas relief], and he was not provided effective assistance."); an equal-protection claim, *see id.* at 14–15 ("As being one similarly situated [to the

(continued...)

- 5 -

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

"strictly limits a federal court's ability to consider issues on habeas review that

the state court deemed procedurally barred." *Hammon v. Ward*, 466 F.3d 919,

925 (10th Cir. 2006). Under AEDPA, a federal court may not consider "[c]laims

that are defaulted in state court on adequate and independent state procedural

grounds . . . unless the petitioner can demonstrate cause and prejudice or a

fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141

(10th Cir. 2009) (quoting *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir.

2008)) (internal quotation marks omitted). Consequently, in addition to raising

---

[2](...continued)
defendants in several other cases], and not being afforded the same opportunity
and application of the law, [why] does this [court] continue to deny Mr. Welch his
rights to due process and equal protection of the law?"); and an illegal-sentencing
claim, *see id.* at 11 ("[N]o Bill of Particulars was filed by the prosecution
specifying a specific date of offense[, and] [t]he prosecution [later] . . . brought
the Appellant's date inside the crime of violence sentencing range for the pattern
enhanced counts.").

Because he did not raise these arguments before the district court,
ordinarily we would deem them to be waived. *See, e.g.*, *United States v. Windrix*,
405 F.3d 1146, 1156 (10th Cir. 2005) (declining to address an issue that the party
"did not argue in district court," because "in general we will not consider an
argument not raised below," and "he d[id] not argue on appeal that any special
circumstance requires us to address this contention despite lack of preservation
below"); *Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (deeming claims
made by a habeas petitioner "that he did not raise in the district court" to be
waived). Mr. Welch does not now argue that we should review these claims for
plain error; therefore, they are in fact waived, and we give them no further
consideration. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (2011)
("[T]he failure to argue for plain error and its application on appeal[ ]surely
marks the end of the road for an argument for reversal not first presented to the
district court.").

anew his two substantive claims, Mr. Welch also takes issue with the district court's conclusion that his two claims are procedurally barred.

## I.     *Apprendi/Blakely* **Claim**

The heart of Mr. Welch's first argument is that application of Colorado's aggravated sentencing range for extraordinary-risk crimes and per se crimes of violence violated his Sixth Amendment right to have a jury decide facts that ultimately exposed him to a greater range of punishment. *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The Colorado Court of Appeals refused to consider this challenge in Mr. Welch's Rule 35(a) appeal on the ground that it was not first raised on direct appeal. *See* R. at 67 ("We agree with the People that defendant's *Apprendi*/*Blakely* claim . . . is barred because he could have raised it on direct appeal." (citing Colo. R. Crim. P. 35(c)(3)(VII))). The district court subsequently dismissed this claim as procedurally barred. Reasonable jurists could not disagree with this conclusion.

"Federal habeas courts are prohibited from 'review[ing] a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Burton v. Atherton*, 613 F.3d 973, 989 (10th Cir. 2010) (alteration in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)), *cert. denied*,

131 S. Ct. 1783 (2011); *accord Byrd v. Workman*, — F.3d —, 2011 WL 2084204, at *5 (10th Cir. 2011). Under Colorado law, a claim that a defendant's sentence violated the principles of *Apprendi* and *Blakely* must be brought on direct review; if not, Rule 35(c) prevents the state courts from considering it in the post-conviction setting. *See* Colo. R. Crim. P. 35(c)(3)(VII) (instructing courts to "deny any claim [for post-conviction relief] that could have been presented in an appeal previously brought or postconviction proceeding previously brought" except in certain enumerated and inapplicable circumstances); *cf. People v. Glasser*, — P.3d —, 2011 WL 1168286, at *11 (Colo. App. 2011) (reversing and remanding for resentencing based on an *Apprendi*/*Blakely* claim raised on direct appeal); *People. v. LePage*, — P.3d —, 2011 WL 544019, at *9–10 (Colo. App. 2011) (rejecting defendant's *Apprendi*/*Blakely* claim on direct appeal). Thus, the district court reasoned that Rule 35(c)—by virtue of Mr. Welch's failure to raise the *Apprendi*/*Blakely* issue on direct appeal—provided an "adequate and independent" state law ground for dismissing this claim. *See* R. at 131 ("The Court finds that Mr. Welch's *Apprendi* claim was defaulted in the state appellate court on an independent and adequate state procedural ground." (citing Colo. R. Crim. P. 35(c)(3)(VII))).

In resisting this conclusion, Mr. Welch does not challenge either the adequacy or the independence of the state procedural ground; he insists instead that he has "continuously attempted" to assert his *Apprendi*/*Blakely* claim

throughout his state-court proceedings, thereby making application of this rule inappropriate. Aplt.'s Combined Br. at 6. However, he points to nothing in the record that suggests that he raised this issue in his filings on direct appeal—the only filings that matter for purposes of Rule 35(c)(3)(VII). Moreover, our independent review of his state-court briefs confirms that the only issue raised was whether "[t]he trial court abused its discretion when it failed to consider all [the] relevant sentencing factors[] and exclusively focused on the harm to the victim[] when sentencing" him. R. at 88. As a result, Mr. Welch has injected no doubt into the district court's determination that these claims were procedurally defaulted.

Furthermore, we agree with the district court that Mr. Welch has not shown the cause and prejudice necessary to excuse this default, nor has he shown that failure to consider this claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); *accord Smith*, 550 F.3d at 1274.

Mr. Welch asserts that the "cause" of his procedural default is ineffective assistance of counsel. *See* Aplt.'s Combined Br. at 10 ("Mr. Welch was relying on his attorney to adequately represent him, and by raising [a single, frivolous] claim that the Court had clearly already taken into consideration, no real issue was presented . . . and he was not provided effective assistance."). However, Mr. Welch did not present a separate and independent claim of ineffective assistance of direct-appeal counsel to the state courts. Accordingly, in this habeas proceeding, he is barred from asserting this alleged ineffective assistance as cause to excuse his procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488–89 (1986) ("[W]e think that the exhaustion doctrine, which is 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings,' generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982))); *see also Livingston v. Kansas*, 407 F. App'x 267, 273 (10th Cir. 2010) (holding that petitioner's "fail[ure] to raise the ineffectiveness of his direct-appeal counsel to the [state courts] in his post-conviction petition[] . . . preclud[ed] him from asserting it as 'cause' for his procedural default" (citing *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000))); *Gonzales v. Hartley*, 396 F. App'x 506, 508–09 (10th Cir. 2010) ("[B]efore Mr. Gonzales can use ineffective assistance of *trial* or *appellate* counsel to establish

- 10 -

cause for his procedural default, he must first present this argument as an independent claim to the state court." (citing *Murray*, 477 U.S. at 488–89)).

Moreover, Mr. Welch has made no argument as to why our failure to consider his claim would result in a fundamental miscarriage of justice. That is, he has made no claim of being actually innocent of the underlying substantive crime. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004) (noting that a "fundamental miscarriage of justice" is "a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense" (quoting *Murray*, 477 U.S. at 496)). Reasonable jurists could not disagree, therefore, with the district court's resolution of this claim—it is procedurally barred. Consequently, we deny him a COA on this issue.

## II.    Unknowing Plea Claim

Mr. Welch's second claim is that his plea was not knowing because he was not notified of the "presumptive range enhancers" prior to entry of his guilty plea. Aplt.'s Combined Br. at 4. The district court concluded that Mr. Welch had failed to raise this argument before the state courts, and that the Colorado Rules of Criminal Procedure would now prohibit him from raising such a claim. As a result, it dismissed this claim as procedurally defaulted. Again, we conclude that reasonable jurists could not disagree with the district court's resolution of this claim.

- 11 -

Prior to our consideration of a claim on habeas review, an applicant must first exhaust his claims in state court. 28 U.S.C. § 2254(b)(1)(A); *see Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009) (acknowledging "the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court"). In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court); *Wilson v. Workman*, 577 F.3d 1284, 1294 (10th Cir. 2009) (en banc) ("The *allegations* and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." (emphasis added) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal quotation marks omitted)).

If an applicant fails to exhaust his available state-court remedies and state courts "'would now find the claims procedurally barred[,]' the claims are considered exhausted *and* procedurally defaulted for purposes of federal habeas review." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (emphasis

added) (quoting *Coleman*, 501 U.S. at 735 n.1); *accord Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997); *see also Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability. . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

A careful review of the relevant state-court filings reveals no hint of Mr. Welch's plea-related claim, thus indicating that he failed to exhaust it. Mr. Welch does not suggest that he raised this argument on direct appeal. Moreover, he appears to concede that he did not explicitly raise this argument in his appeal from the denial of his Rule 35(a) motion either. He admits "that he only made a brief reference to th[is] claim[] [in] his Opening Brief,"[3] and that "precise language was not used when he initiated [this] claim[] to the State Courts." Aplt.'s Combined Br. at 5–6. Still, he believes that a single, cryptic reference to due process, divorced from any reference to the knowing nature of his plea, should be sufficient to deem this claim exhausted. Mr. Welch argues that he was

---

[3]    Mr. Welch is apparently referring to his statement in his opening brief that he "was not properly charged with crime[ ]of violence or extraordinary-risk enhancers to have notice consistant [sic] with due process requirements." R. at 111. In the context of his *Apprendi/Blakely* argument, and without referencing his plea, Mr. Welch also inscrutably noted that he "had not been advised" of "the extraordinary risk crime enhancement." *Id.* at 113.

entitled to "rely[] on the[] [court's] judicial power and understanding of the law and presume[] that [it] would be able to interpret the message he was trying to convey and . . . would rule accordingly." *Id.* at 5. He is mistaken.

Exhaustion—and hence fair presentation—is a question of federal law. *See Castille v. Peoples*, 489 U.S. 346, 349–50 (1989) ("[W]e address again what has become a familiar inquiry: '*To what extent* must the petitioner who seeks federal habeas exhaust state remedies before resorting to the federal court?'" (quoting *Wainwright v. Sykes*, 433 U.S. 72, 78 (1977))); 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 23.3[a], at 1202 n.1 (6th ed. 2011) (noting that "the definition of exhaustion is a matter of federal law"); *cf. Johnson v. Cowley*, 40 F.3d 341, 344 (10th Cir. 1994) ("Whether a petitioner has procedurally defaulted his federal claims is a question of federal law."). Nevertheless, our analysis is furthered by an examination of the level of pleading specificity that the Colorado courts have demanded of pro se litigants. *See* Hertz & Liebman, *supra*, § 23.3[a], at 1202 (noting that the fair-presentation requirement is generally satisfied when petitioner presents "the federal claim to the appropriate state courts *in the manner required by state law*" (emphasis added)); *cf. Boyle v. McKune*, 544 F.3d 1132, 1136 (10th Cir. 2008) ("To determine whether a petitioner has shown the requisite diligence under federal law, we look to the state law controlling at the time petitioner sought an evidentiary hearing.").

Generally, the Colorado courts have required greater specificity from pro se litigants than Mr. Welch seems to expect. Although Colorado courts construe pro se litigants' filings liberally, *see People v. Bergerud*, 223 P.3d 686, 696–97 (Colo. 2010), they are instructed "not [to] become a surrogate attorney for a *pro se* litigant," *Loomis v. Seely*, 677 P.2d 400, 402 (Colo. App. 1983).[4] Therefore, Colorado courts are disinclined to fashion arguments for pro se litigants from cryptic references to constitutional wrongs. *See, e.g.*, *Manka v. Martin*, 614 P.2d 875, 878 (Colo. 1980) ("Appellants claim that they believed they were identifying the issue at the trial level by citing 42 U.S.C. [§] 1983 in their complaints. A mere recitation of 42 U.S.C. [§] 1983, a federal statute recognizing a cause of action in a citizen of the United States arising from a deprivation of constitutional rights, is not sufficient to identify as an issue the constitutionality of particular Colorado statutes.").

---

[4] This approach is in harmony with our own. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[O]ur role is not to act as [a pro se litigant's] advocate."); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."), *cert. denied*, 130 S. Ct. 1548 (2010); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that although "[a] pro se litigant's pleadings are to be construed liberally," it is not "the proper function of the district court to assume the role of advocate for the pro se litigant"); *see also Schwartz v. N.M. Corr. Dept. of Prob. & Parole*, 384 F. App'x 726, 729 (10th Cir. 2010) (noting that, although we construe pro se litigants' filings liberally, "[t]his liberal treatment is not without limits").

Mr. Welch bears the burden of proof to establish fair presentation. *See, e.g.*, *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) ("A state prisoner bears the burden of showing he has exhausted available state remedies."). It is a burden he has clearly failed to meet. Our review of the record satisfies us that Mr. Welch's single, isolated reference to "due process" in his Rule 35(a) appeal, free from any context, did not fairly present this federal constitutional claim to the state courts, and therefore—as the district court concluded—this claim is unexhausted. *See, e.g.*, *People v. McNeely*, 68 P.3d 540, 545 (Colo. App. 2002) ("For a defendant to fairly present a constitutional claim, the court must 'surely be alerted' to the constitutional argument." (quoting *Duncan*, 513 U.S. at 365).[5]

Furthermore, were Mr. Welch to attempt to raise this claim in the state trial court at this juncture, it would be dismissed. Colorado prohibits successive Rule

---

[5] In asserting that he properly presented this claim to the state courts, Mr. Welch cites arguments he made in his reply brief and in his petition for rehearing in his Rule 35(a) appeal. Even assuming that the arguments were squarely presented in both filings, that would not prove exhaustion. Colorado courts do not consider claims raised for the first time in either a reply brief or a petition for rehearing. *See Justi v. RHO Condo. Ass'n*, — P.3d —, 2011 WL 2474460, at *6 (Colo. App. 2011) ("Because we will not address issues raised for the first time in an appellant's reply brief, we decline to address these arguments."); *People v. Gallagos*, — P.3d —, 2010 WL 725448, at *11 (Colo. App. 2010) ("We will not address an argument raised for the first time in Gallagos's petition for rehearing."). Thus, even if Mr. Welch did raise this claim in these filings, we are still compelled to deem it unexhausted. *See, e.g.*, *Scott v. Franklin*, 122 F. App'x 980, 983 (10th Cir. 2005) (finding unexhausted for purposes of § 2254 claims raised for the first time in a petition for rehearing).

35 motions, absent certain enumerated exceptions that are not applicable here. *See* Colo. R. Crim. P. 35(c)(3)(VI)–(VII); *see also People v. Scheer*, 518 P.2d 833, 835 (Colo. 1974) ("Where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied."). Thus, Mr. Welch has procedurally defaulted his claim, and we may only address it now upon a showing of cause and prejudice, or a miscarriage of justice. *See Coleman*, 501 U.S. at 750; *Hain v. Gibson*, 287 F.3d 1224, 1240 (10th Cir. 2002) ("Because the claim is unexhausted and would be procedurally barred under Oklahoma law if Hain now attempted to present it to the OCCA, we need not address it as no cause and prejudice has been alleged, and Hain cannot establish that a fundamental miscarriage of justice would occur if the claim is not addressed." (citation omitted)); *see also* Hertz & Liebman, *supra*, § 26.1, at 1410 n.25 (noting that "[i]f a failure to exhaust a state remedy or remedies is deemed a procedural default, the defaulted claim(s) may be subject to dismissal with prejudice"). Mr. Welch, however, does not suggest any impediments that would have prevented him from raising this claim in his state post-conviction filings, nor does he present an intelligible miscarriage-of-justice argument. Consequently, his claim is procedurally defaulted. In sum, Mr. Welch has failed to show that

reasonable jurists could disagree with the district court's resolution of this matter. Therefore, we deny him a COA on this claim.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Welch's application for a COA and **DISMISS** his appeal. Further, as Mr. Welch has failed to present a reasoned, nonfrivolous argument on appeal, we also **DENY** his motion for leave to proceed *in forma pauperis*. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge