FILED
United States Court of Appeals
Tenth Circuit

January 22, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DONALD R. GONZALES,

      Petitioner - Appellant,

v.

WARDEN HARTLEY; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 09-1436

(D. Colorado)

(D.C. No. 1:09-CV-01090-ZLW)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

Donald R. Gonzales, a Colorado state prisoner, filed a pro se application

for relief under 28 U.S.C. § 2254 in the United States District Court for the

District of Colorado. The court dismissed the application as procedurally barred

because (1) he had failed to exhaust his claims in state court, (2) he no longer had

available any adequate and effective remedy under Colorado law, and (3) he had

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failed to show cause and prejudice to overcome the procedural default. He seeks a certificate of appealability (COA) from this court to appeal the dismissal of his application. *See* 28 U.S.C. § 2253(c)(1)(a) (requiring COA to appeal dismissal of application). We grant the COA and reverse and remand for further proceedings. The district court erred in dismissing Mr. Gonzales's application on procedural grounds without first addressing two arguments raised by him in that court: (1) whether a state habeas petition filed by Mr. Gonzales satisfied the exhaustion requirement and (2) whether ineffective assistance of his state appellate counsel was cause for his procedural default.

## I. BACKGROUND

On December 1, 2004, a jury in Colorado state court convicted Mr. Gonzales of second-degree assault and violation of a protective order. He was sentenced to consecutive terms of 16 years' imprisonment on the assault conviction and 2 years' imprisonment for violating the protective order. The Colorado Court of Appeals affirmed his convictions and sentence, and the Colorado Supreme Court denied his petition for a writ of certiorari.

On May 11, 2009, Mr. Gonzales filed his § 2254 application. He challenged the validity of his convictions on four grounds: (1) that the trial court's denial of his request to represent himself violated his constitutional right to self-representation; (2) that his convictions for both assault and violating a protective order subjected him to double jeopardy; (3) that his rights under *Brady*

*v. Maryland*, 373 U.S. 83 (1963), were violated by the trial court's exclusion of—and his attorney's suppression of—an allegedly pornographic DVD that, according to the victim, was the reason for Mr. Gonzales's assault; and (4) that the trial court's refusal to give his attorney access to the victim's medical records prevented him from showing that the victim was uninjured and violated, in his words, his "right to confront witness, Brady equal protection of the law, and due process," R. at 10, and resulted in ineffective assistance of counsel.

The district court held that Mr. Gonzales had failed to exhaust his state remedies on each of his four claims because he had not presented his first three claims to the Colorado Court of Appeals, and had failed in the state trial court to preserve his fourth claim for appellate review. The court further held that Colorado law prohibited him from raising any of these claims in any future postconviction proceeding, so his § 2254 claims were procedurally barred. Finally, the court held that Mr. Gonzales had failed to overcome the procedural bar by demonstrating cause and prejudice or a miscarriage of justice.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* Where the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Because Mr. Gonzales has proceeded pro se in his § 2254 proceedings, we construe his pleadings liberally. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1210 n.1 (10th Cir. 2009). We need consider only two of the arguments raised by Mr. Gonzales in this court: (1) that he satisfied the exhaustion requirement through his state habeas petition and (2) that any procedural default should be excused because of the ineffectiveness of his appellate counsel on direct appeal. These arguments were also presented to the district court. He raised the first argument in a pleading responding to the state's motion to dismiss his § 2254 application for failure to exhaust. Mr. Gonzales asserted that the claims set forth in his § 2254 application had been raised in a state habeas

petition in Crowley County District Court in Colorado. *See* R. at 319

(Mr. Gonzales's "Addendum to reply to pre-answer response"). The state argued

that the habeas proceeding did not satisfy the exhaustion requirement, *see id.* at

321–23 (State's "Supplement to Pre-Answer Response"); but the district court did

not address the matter. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531,

1535 (10th Cir. 1994) (applicant's state habeas petition satisfied exhaustion

requirement).

As for the claims of ineffective assistance of appellate counsel,

Mr. Gonzales alleged in a "Reply to Pre-Answer Response" filed on July 9, 2009,

that "I first attempted to get my [appellate] attorney to address the issues raised in

my pro-se 35(c), to which she replied and I quote 'I also explained that as your

attorney I will decide what issues are appellate issues.'" R. at 251. He further

stated that his attorney's "failure to raise on appeal nonfriv[o]lous constitutional

claims upon which his client has insisted must constitute 'cause and prejudice' for

any resulting procedural default under state law." *Id.* Attachments to that

pleading show that Mr. Gonzales was referring to the first three claims in his

§ 2254 application. The district court, however, did not address whether

ineffective assistance constituted cause to excuse Mr. Gonzales's procedural

default. *Cf. Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991) (ineffective

assistance can be cause for a default).

The district court erred in not addressing the merits of either of these arguments. They are best considered by the district court in the first instance. Accordingly, we GRANT Mr. Gonzales's application for a COA, and REVERSE and REMAND to the district court for further proceedings. We GRANT his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge