**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONALD R. GONZALES,

      Petitioner-Appellant,

v.

WARDEN HARTLEY; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 10-1250
(D.C. No. 1:09-CV-01090-ZLW)
(D. Colo.)

---

**ORDER**

---

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

---

      This matter is before the court on appellant's motion to amend. Upon consideration, the request is granted. Accordingly, we have amended the Order Denying Certificate of Appealability we originally filed on September 8, 2010. The newly amended version is attached to this order. The clerk is directed to file the amended order nunc pro tunc to the original filing date.

                        ENTERED FOR THE COURT


                        Neil M. Gorsuch
                        Circuit Judge

FILED
United States Court of Appeals
Tenth Circuit

September 8, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DONALD R. GONZALES,

      Petitioner-Appellant,

v.

WARDEN HARTLEY; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 10-1250
(D.C. No. 1:09-CV-01090-ZLW)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

On December 1, 2004, a Colorado jury convicted Donald Gonzales of

second-degree assault and violation of a protective order. He was sentenced to

consecutive terms of sixteen years' imprisonment on the assault conviction and

two years' imprisonment for violating the protective order. The Colorado Court

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Appeals affirmed the convictions, *People v. Gonzales*, No. 05CA0551 (Colo. Ct. App. June 19, 2008), and the Colorado Supreme Court denied certiorari.

While his direct appeal was pending, Mr. Gonzales pursued multiple collateral attacks on his convictions under Colo. R. Crim. P. 35(c). Mr. Gonzales also brought a state habeas corpus petition. This petition was denied, and Mr. Gonzales did not appeal.

Mr. Gonzales subsequently filed a pro se habeas petition under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. The district court denied his petition, *Gonzales v. Hartley,* 2009 WL 3048450 (D. Colo. 2009) (unpublished), ruling that Mr. Gonzales failed to exhaust his state remedies, was procedurally barred from bringing his current claims in any future postconviction proceedings, and had not overcome procedural default by demonstrating cause and prejudice or a miscarriage of justice.

We granted a certificate of appealability (COA) and reversed. *Gonzales v. Hartley*, 361 F. App'x 955 (10th Cir. 2010) (unpublished). We remanded to the District Court to consider: 1) whether Mr. Gonzales's habeas petition had satisfied the exhaustion requirement and 2) whether ineffectiveness of Mr. Gonzales's appellate counsel excused Mr. Gonzales's procedural default.

In a fourteen-page opinion, the District Court answered both these questions in the negative and again denied Mr. Gonzales's petition. Mr. Gonzales now requests a COA to appeal the district court's ruling on remand. Construing

Mr. Gonzales's pro se petition with the solicitude it deserves, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir.2007), we decline to issue a COA for substantially the same reasons as those stated by the district court.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have held that under this standard an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir.2006) (internal quotation omitted). When a district court has dismissed a habeas petition on procedural grounds, a COA will issue only when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court correctly held that it was barred from reviewing Mr. Gonzales's habeas petition because Mr. Gonzales has never subjected his claims to one complete round of Colorado's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although Mr. Gonzales presented some of these claims in his 35(c) motion, he failed to appeal them after that motion was denied. Meanwhile, he presented a *different* subset of the instant

claims in his 35(c) appeal, without first having presented them in his original motion.  Because he did not present *and* appeal any one of these claims, none has been subjected to a complete round of Colorado's established review process. Because Colorado law now prevents him from presenting these claims, *see* Colo. R. Crim. P. 35(c)(3)(VII), all of Mr. Gonzales's current objections are procedurally defaulted.  *See Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008).

Mr. Gonzales can overcome procedural default only by demonstrating "cause and prejudice or a fundamental miscarriage of justice." *Id.*  For a petitioner to show cause he must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with the state law.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  And for a petitioner to show prejudice, he must show that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  The fundamental miscarriage of justice exception, meanwhile, is "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (internal quotation marks omitted).

Mr. Gonzales appears to allege that his procedural default was caused by ineffective assistance of counsel.  It is surely true that ineffective assistance of counsel can constitute the "cause" necessary to excuse procedural default at trial

or on direct appeal. *Murray*, 477 U.S. at 488. Mr. Gonzales cannot, however, invoke ineffective counsel as cause for any procedural default that occurred in his 35(c) motions, 35(c) appeal, or state habeas petition, because there is no Sixth Amendment right to counsel in these proceedings. *See Coleman*, 501 U.S. at 753-54. And before Mr. Gonzales can use ineffective assistance of *trial* or *appellate* counsel to establish cause for his procedural default, he must first present this argument as an independent claim to the state court. *See Murray*, 477 U.S. at 488-89.

Mr. Gonzales has not done this. If, as he claims, he is now procedurally barred from alleging the ineffectiveness of his appellate counsel, he must show cause and prejudice excusing *this* default. In other words, Mr. Gonzales would need to show cause and prejudice for failing to attack the effectiveness of his appellate counsel in his prior postconviction proceedings, in order to show cause and prejudice for failing to exhaust state remedies for the objections he now makes before us. The district court correctly noted that Mr. Gonzales has not offered such a showing.

Neither has Mr. Gonzales demonstrated that failure to review his claim would result in a fundamental miscarriage of justice. Mr. Gonzales argues that the withheld evidence would have supported his heat of passion defense and called into doubt the seriousness of his wife's injuries. But these defenses challenge the legal classification of his conduct, not Mr. Gonzales's factual

innocence. As we have previously explained, arguments premised on legal mitigation alone do not satisfy the fundamental miscarriage of justice exception. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n. 1 (10th Cir. 2002) (rejecting miscarriage of justice argument because it merely "assert[s] that [petitioner] is legally innocent because his conduct is justified or mitigated by the doctrines of self-defense or heat of passion"); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) ("Mr. Beavers does not claim that he is innocent of killing Raymond Matthews. Rather, he claims that he is not guilty of first degree murder because he was intoxicated and acted in self defense. However, these arguments go to legal innocence, as opposed to factual innocence.").

Because Mr. Gonzales has failed to excuse his various procedural defaults, the district court's decision is not reasonably debatable. Accordingly, we are obliged to deny his request for COA and to dismiss his appeal. We grant his motion to proceed in forma pauperis.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge