Dale C. SHACKELFORD, Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 91–1248.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1991.

Decided Nov. 22, 1991.

---

Mary Kenney, Kansas City, Mo., argued, for appellant.

David Hansen, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellee.

Before LAY, Chief Judge, MAGILL and BEAM, Circuit Judges.

PER CURIAM.

Dale Shackelford was convicted of sodomy under Missouri state law. On appeal his conviction was affirmed. *State v. Shackelford,* 719 S.W.2d 943 (Mo.Ct.App. 1986). His post-conviction counsel failed to raise claims of ineffective trial counsel and failed to perfect an appeal of the state court's denial of Shackelford's motion for

---

Removal of Counsel, and all issues discussed in his Brief in Support of Motion for Removal of Counsel of the same date.

post-conviction relief. Shackelford thereafter filed a petition in the federal district court for habeas corpus relief. Upon denial of the petition he now appeals.

The district court held that Shackelford's petition sought relief based on a claim of ineffective post-conviction counsel, not a cognizable claim under 28 U.S.C. § 2254. However, Shackelford maintains that his petition asserted ineffective post-conviction counsel simply to show cause to excuse his procedural default; not as independent grounds for habeas relief. Secondly, Shackelford contends that Missouri Supreme Court Rule 27.26(h) (repealed 1988), mandating appointment of counsel in post-conviction proceedings, created a state liberty interest in effective assistance of counsel which was violated by the conduct of Shackelford's post-conviction counsel. This violation of a constitutional liberty interest, Shackelford argues, constitutes sufficient cause to defeat the procedural bar. Finally, Shackelford asserts that the district court mistakenly failed to recognize his claim of ineffective assistance of trial counsel.

Shackelford's brief on this appeal was filed before the Supreme Court decided *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Under *Coleman* a state prisoner, although required to exhaust his state remedies, may no longer excuse his failure to exhaust a claim based on deficiencies of his post-conviction counsel. *Id.,* 111 S.Ct. at 2566. Nor may he find cause in the alleged creation of a constitutional interest as to effective post-conviction counsel. *Id.* at 2568; *Pennsylvania v. Finley,* 481 U.S. 551, 556–59, 107 S.Ct. 1990, 1993–95, 95 L.Ed.2d 539 (1987). Thus, Shackelford's failure to properly appeal his post-conviction claim in state court due to his counsel's error now bars him from raising his claims in federal court.

Accordingly, we affirm the order of the district court denying petitioner's request for relief.