FILED
United States Court of Appeals
Tenth Circuit

October 12, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BARRY KEITH HOLLOWAY,

  Petitioner-Appellant,

v.

TIMOTHY HATCH, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

  Respondents-Appellees.

No. 07-2092
(D.C. No. CV 07-50 MV/RLP)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Barry Holloway, a state prisoner appearing pro se,

filed an action in federal district court requesting habeas corpus relief, pursuant to

28 U.S.C. § 2254, and requesting that counsel be appointed to represent him in

the matter. The district court did not consider the merits of Mr. Holloway's §

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2254 petition, concluding instead that it was time-barred. The district court similarly denied Mr. Holloway's request for counsel. Because the district court did not rule on whether Mr. Holloway could obtain a Certificate of Appealability (COA), it is deemed denied. 10th Cir. R. 22.1(C). Exercising jurisdiction pursuant to 28 U.S.C. § 2253(c)(1), we 1) deny Mr. Holloway's request for COA because his claim for habeas corpus relief is time-barred; and 2) affirm the district court's decision not to appoint Mr. Holloway counsel.

## BACKGROUND

On March 16, 2004, Mr. Holloway pled guilty in New Mexico state court to kidnapping, conspiracy to commit kidnapping, and conspiracy to commit murder. An Amended Judgment was later entered on April 2, 2004. Over a year later, on May 3, 2005, Mr. Holloway filed a Motion to Vacate, Set Aside, or Correct an Illegal Sentence in New Mexico state court. This motion was denied on May 5, 2005.

On October 3, 2006, Mr. Holloway filed in New Mexico state court a state habeas petition. This petition was denied on October 5, 2006. Mr. Holloway subsequently filed a petition for writ of certiorari with the New Mexico Supreme Court on October, 30, 2006. This petition was denied on November 27, 2006. Mr. Holloway then filed in the United States District Court for the District of New Mexico a petition for writ of habeas corpus on January 12, 2007.

# DISCUSSION

## A. Holloway's Habeas Claim is Time-Barred

Mr. Holloway's application for federal habeas corpus relief is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under 28 U.S.C. § 2244(d)(1) as amended by AEDPA, Mr. Holloway was allowed one year in which to file for federal habeas corpus relief after his conviction became final. Rule 12-201(A)(2) of the New Mexico Rules of Appellate Procedure provides that parties must file an appeal within 30 days of the state district court's judgment. Thus, given that the Amended Judgment was entered on April 2, 2004, Mr. Holloway's conviction became final on May 3, 2004 (May 2, 2004 was a Sunday) and Mr. Holloway therefore had until May 3, 2005 to file his claim for federal habeas corpus relief.

Accordingly, Mr. Holloway's claim for federal habeas corpus relief, which he filed on January 12, 2007, is time-barred. Although under § 2244(d)(2),[1] Mr. Holloway's statute of limitations may be tolled for two days due to the time it took to render a decision on his Motion to Vacate, Set Aside, or Correct an Illegal Sentence,[2] such tolling is of no aid to Mr. Holloway's habeas claim, as it was still

---

[1] 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...."

[2] We may not, however, toll Mr. Holloway's statute of limitations period

(continued...)

filed well after the May 5, 2005 limitations period had expired. Thus, because Mr. Holloway's claim is time-barred, we deny COA.

**B. The District Court Properly Declined to Appoint Holloway Counsel**

Mr. Holloway appeals the district court's decision not to appoint him counsel in relation to his habeas claim. "[T]he appointment of counsel in a habeas action lies within the sound discretion of the habeas court unless the case is so complex that the denial of counsel would amount to the denial of due process." Nance v. Nelson, 60 F.3d 837, 1995 WL 380803, *6 (10th Cir. June 21, 1995) (unpublished opinion). This is not such a case. Accordingly, the district court's denial of Mr. Holloway's request for counsel is affirmed.

We therefore DENY COA on Mr. Holloway's habeas claims and AFFIRM the district court's decision not to appoint Mr. Holloway counsel.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2](...continued)
on account of his other post-judgment activities, as these activities occurred after his limitations period had already expired.