**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PHILLIP ESPINOZA,

      Petitioner - Appellant,

v.

AL ESTEP; COLORADO
ATTORNEY GENERAL,

      Respondents - Appellees.

No. 07-1428

(D. Colorado)

(D.C. No. 05-cv-1112-MSK-PAC)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Phillip A. Espinoza, an inmate in the custody of the Colorado Department of Corrections, requests a certificate of appealability (COA) to challenge the denial by the United States District Court for the District of Colorado of his application for relief under 28 U.S.C. § 2254. Because Mr. Espinoza has failed to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. 2253(c)(2), we deny his request for a COA.

## I.  BACKGROUND

Mr. Espinoza was convicted by a jury on January 14, 1994, of distribution of a controlled substance and of conspiracy to distribute a controlled substance. He received a life sentence with the possibility of parole after 40 years.

The key evidence at trial against Mr. Espinoza was a tape recording made by a confidential informant of the Drug Enforcement Administration (DEA). The informant, Norma Jean Lopez, was unavailable to testify because she was murdered a few days after the recording was made. The DEA, which had been investigating a man named Eugene Velarde, arranged for Lopez to engage in a controlled purchase of heroin from Velarde through Mr. Espinoza. Agents fitted Lopez with a radio transmitter and a tape recorder and dropped her off near Mr. Espinoza's apartment. Mr. Espinoza's girlfriend, Kathleen Bugarin, answered the door, and Lopez asked for Mr. Espinoza, referring to him by his nickname, "Lipe." Bugarin told Lopez that he was there and that he had just awakened. Lopez then said, "Get up, lazy. . . . I need to cop [get some drugs]." A man responded, asking Lopez how much money she had and what quantity of drugs she wanted. The man then spoke with someone over the phone and told Lopez that it would take about 45 minutes for his supplier to deliver the drugs. While they waited, Lopez audibly counted out the money that she had been given by the DEA to purchase the drugs.

According to Lopez's voice on the recording, when a van owned by Velarde pulled into the apartment's parking lot, the man called Lipe had grabbed the money from Lopez's hand. DEA agents observed Mr. Espinoza exiting the apartment, followed by Lopez. The agents then lost sight of Mr. Espinoza but shortly thereafter saw him returning to the apartment, meeting Lopez on the stairs

to the apartment. As they entered the apartment, Lopez insisted that she had wanted to see "Gene." The man said that Gene was in a hurry and would call her later. Lopez then left the apartment and turned over heroin to the DEA agents. Bugarin later testified at trial that Lopez had visited the apartment that day, that Mr. Espinoza had been there, that he had made a phone call in Lopez's presence, and that both he and Lopez had left and returned to the apartment.

After the jury convicted him, Mr. Espinoza appealed to the Colorado Court of Appeals, which affirmed his conviction. *People v. Espinoza*, No. 94CA0453 (Colo. Ct. App., Feb. 15, 1996) (*Espinoza I*), *cert. denied,* No. 96SC158 (Colo., Sept. 3, 1996). Mr. Espinoza, assisted by counsel, then moved for postconviction relief under Colorado Rule of Criminal Procedure 35(c). This motion was denied, and the denial was affirmed by the Colorado Court of Appeals, *People v. Espinoza,* No. 01CA1909 (Colo. Ct. App., Nov. 29, 2002), *cert. denied*, 2003 WL 1958679 (Colo., Apr. 28, 2003). Mr. Espinoza, acting pro se, then filed a second motion for postconviction relief, whose denial was also affirmed by the Colorado Court of Appeals, *People v. Espinoza*, No. 03CA1588 (Colo. Ct. App., Dec. 9, 1994). The Colorado Supreme Court denied certiorari on April 18, 2005. *Espinoza v. People*, 2005 WL 878591 (Colo., Apr. 18, 2005).

On June 6, 2005, Mr. Espinoza timely commenced an application for relief under 28 U.S.C. § 2254, asserting 12 grounds for relief. The magistrate judge to whom the case was referred recommended that seven of the claims be denied as

procedurally defaulted and that the other claims be denied as without merit.

Mr. Espinoza filed objections to the report and recommendation. The district court rejected Mr. Espinoza's arguments and denied the application. The court also denied (1) Mr. Espinoza's motion to stay the § 2254 proceedings so that he could exhaust certain of his claims before the state courts, and (2) his motion for the appointment of counsel.

Mr. Espinoza's application requests a COA on seven issues. He argues that the district court (1) should have appointed counsel to represent him in his § 2254 application, (2) should have stayed his § 2254 proceedings to give him an opportunity to exhaust certain of his claims in state court, (3) should have granted him relief on his ineffective-assistance-of-counsel claim regarding his trial counsel, (4) should have granted him relief on his ineffective-assistance-of-counsel claim regarding his postconviction counsel, (5) should have granted him relief on his objections to the admission at trial of the taped conversations with Norma Jean Lopez, (6) should have granted him relief on his objections to evidence at trial of prior drug deals, and (7) should have granted him relief on his claim that there was insufficient evidence to convict him.

## II.    DISCUSSION

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This "substantial showing" requires that the applicant demonstrate that "reasonable jurists could

debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

## A.     Appointment of Counsel

We lack jurisdiction under § 2254 to grant a COA on Mr. Espinoza's argument that the district court should have appointed counsel for him.  It is true that a district court has discretion to appoint counsel, *see id.*, and that an applicant has a federal statutory right to counsel if an evidentiary hearing is required, *see* Rule 8(c) of the Rules Governing Section 2254 Cases.  But, as Mr. Espinoza acknowledges, there is no *constitutional* right to assistance of counsel in pursuit of habeas relief.  *See Swazo v. Wyo. Dept. of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  And § 2253(c)(2) restricts the issuance of COAs to violations of the federal constitution.

## B.     Stay of Application

Mr. Espinoza next argues that the district court should have granted his request to stay his § 2254 proceedings so that he could return to state court to present certain claims that may not have been exhausted.  The court denied this motion on the ground that Mr. Espinoza's unexhausted claims were then time-barred in Colorado courts, so a stay would be futile.  In Colorado, postconviction challenges with respect to felonies (other than class 1 felonies) must be brought

within three years after the conclusion of the direct appeal, a date long since passed in Mr. Espinoza's case. *See* Colo. Rev. Stat. § 16-5-402; *People v. Hampton*, 876 P.2d 1236, 1241 (Colo. 1994). Mr. Espinoza contends that a recent Colorado Supreme Court decision, *Silva v. People*, 156 P.3d 1164 (Colo. 2007) (en banc), permits him to raise his unexhausted claims in state court even though the statutory time period for postconviction challenges has expired. We agree with the district court that *Silva* offers Mr. Espinoza no such opportunity.

In *Silva* the Colorado Court of Appeals had affirmed the denial of Silva's first postconviction motion three weeks after the statutory time period for filing postconviction challenges had expired. 156 P.3d at 1166–67. Two weeks after that affirmance Silva brought a second postconviction motion, raising, among others, a claim of ineffective assistance of postconviction counsel. *Id.* at 1166. The Colorado Court of Appeals held that this claim was not time-barred because Silva could establish "justifiable excuse or excusable neglect" for raising the issue after the statutory time period, as the issue of postconviction ineffective assistance of counsel could not have been raised before the court's order in Silva's first postconviction motion. *Id.* at 1166–67. Nevertheless, the court held that Silva's claim failed because there was no right to effective assistance of postconviction counsel. *Id.* The Colorado Supreme Court reversed the court of appeals on this last issue, holding that there is a limited statutory right to counsel in state postconviction proceedings. *Id.* at 1167.

Mr. Espinoza claims that *Silva* permits him to present new issues now because his failure to present them earlier was a result of his postconviction counsel's refusal to do so. He is allowed to bring these claims, he argues, if he alleges ineffective assistance of postconviction counsel. But even if we assume that Colorado's limited statutory right to postconviction counsel extends to Mr. Espinoza, nothing in *Silva* suggests that the Colorado courts would be willing to hear his new claims today. Mr. Espinoza already raised the issue of ineffective assistance of postconviction counsel before the Colorado courts, in his second postconviction proceeding. The court of appeals affirmed the denial of this claim because it was conclusory, *not* because it was time-barred or because Mr. Espinoza had no right to postconviction counsel. *Silva* hardly indicates that the Colorado courts will entertain a late motion on an issue already decided. It was therefore reasonable for the district court to decline to stay Mr. Espinoza's § 2254 proceedings.

## C.  Ineffective Assistance of Trial Counsel

In his § 2254 application Mr. Espinoza claims that "none" of his counsel challenged his arrest and indictment for lack of probable cause. R. Doc. 5 at 6e. To the extent that this claim refers to his trial counsel, the district court found that this claim was unexhausted, because Mr. Espinoza, in his first state postconviction petition, had challenged his trial counsel's performance only on grounds unrelated to his current claims. Even if Mr. Espinoza could show cause

for not exhausting the issue, the court held, he could not show prejudice because the claim had no merit. In his request for a COA Mr. Espinoza does not attempt to refute the district court's conclusion that the claim is unexhausted and concedes that he cannot show prejudice regarding his claims of unlawful arrest and detention. He does argue that he was prejudiced by trial counsel's failure to object to the admission of the tape recording on the ground that it violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968. But Mr. Espinoza did not present this argument to the district court, so we will not consider it here. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

## D. Ineffective Assistance of Postconviction Counsel

The Supreme Court has held that there is no constitutional right to counsel in state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555, (1987). In *Finley* the Court stated: "Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further." *Id.* Mr. Espinoza argued in district court that a claim in a postconviction proceeding of ineffective assistance of trial counsel should be viewed as an appeal of right, because the postconviction proceeding is the first opportunity in Colorado to argue ineffective assistance of trial counsel. Given that there is a constitutional right to the effective assistance of counsel on an appeal of right, *see Evitts v. Lucey*, 469 U.S. 387, 396 (1985), he argues that there is a constitutional right to

postconviction counsel, at least for the limited purpose of arguing the ineffective assistance of trial counsel. And in his COA application Mr. Espinoza further argues that a limited state right to effective assistance of postconviction counsel, as in Colorado, creates an interest that cannot be denied without violating the Due Process Clause of the Fourteenth Amendment. We are not at liberty to consider these arguments, however, because § 2254(I) expressly provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." Mr. Espinoza's challenge clearly falls within the prohibition of the statute, and he has not challenged the constitutionality of § 2254(I)

### E. Residual Hearsay

On direct appeal Mr. Espinoza asserted that his rights under the Confrontation Clause of the Sixth Amendment were violated by the admission of hearsay statements on the tape recording. The Colorado Court of Appeals rejected this argument, holding that the statements were sufficiently reliable that they did not violate Mr. Espinoza's rights under the Confrontation Clause. *See Espinoza I* at 10.

Under § 2254, relief may not be granted with respect to any issue adjudicated on the merits in state court unless that adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A habeas court considers the state of constitutional law at the time that the applicant's conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 380 (2000). The Colorado Supreme Court denied certiorari on Mr. Espinoza's direct appeal on September 3, 1996, so his conviction became final when his time to seek certiorari from the United States Supreme Court expired 90 days later. *See Allen v. Reed*, 427 F.3d 767, 774 (10th Cir. 2005). At that time the admission of hearsay testimony did not violate the Confrontation Clause if the statement fell within a "'firmly rooted'" hearsay exception, or if the statement was supported by "'particularized guarantees of trustworthiness.'" *Stevens v Ortiz*, 465 F.3d 1229, 1236 (10th Cir. 2006) (quoting *Ohio v. Roberts*, 448 U.S. 56, 66 (1980)).

In this case the Colorado Court of Appeals relied upon "particularized guarantees of trustworthiness" to conclude that the hearsay statements did not violate Mr. Espinoza's rights under the Confrontation Clause. Specifically, the court found that if Lopez's assertions—for instance, that the person she was talking to was "Lipe," that she was counting out $300 for the purchase, or that the man on the recording snatched the money from her hand—had been inaccurate, other people present were in a position to correct her and likely would have done so. The Supreme Court stated in *Idaho v. Wright*, 497 U.S. 805, 822 (1990), that "courts have considerable leeway in their consideration of appropriate factors" in

-10-

determining whether a statement bears the necessary guarantees of trustworthiness. We agree with the district court that the Colorado court's reliance on the presence of others likely to contradict Lopez was not contrary to and did not involve an unreasonable application of clearly established federal law, and Mr. Espinoza has not pointed to any specific hearsay statement not supported by this rationale. Nor is this determination of trustworthiness undermined, as Mr. Espinoza argues, by any personal interest that Lopez may have had in making the tapes appear to reflect a successful drug transaction; as the Colorado Court of Appeals stated, *see Espinoza I* at 9, the likelihood that other persons would correct Lopez is unrelated to Lopez's motives for cooperating with the DEA.

## F. Statement about Prior Drug Transactions

At trial Mr. Espinoza objected to the introduction of a statement by a DEA agent that Lopez had told them that she had bought heroin from Mr. Espinoza in the past. The trial court admitted the testimony for the purpose of explaining what had prompted the investigation, and it instructed the jury to consider the statement for that purpose only, not for the truth of the assertion. On direct appeal the Colorado Court of Appeals affirmed the trial court's ruling. *See id*. at 10–11.

Mr. Espinoza argues that the admission of the statement was in error because (1) it was hearsay and (2) it was more prejudicial than probative. Although the statement would have been hearsay had it been admitted for the

-11-

truth of the matter asserted, the trial court did not admit the statement for that purpose and gave the jury a limiting instruction to that effect. Whether evidence was incorrectly admitted as a matter of state law is "no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Instead, we review only whether, "considered in light of the entire record, its admission resulted in a fundamentally unfair trial." *Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002). Mr. Espinoza has not made this showing. We presume that a jury will follow a limiting instruction, *see United States v. Eads*, 191 F.3d 1206, 1209 (10th Cir. 1999), and Mr. Espinoza has not explained how that presumption was rebutted here, merely asserting that after the statement about prior drug transactions, it was "a foregone conclusion" that the jury would convict him. No reasonable jurist would debate the district court's ruling that the statement did not deny Mr. Espinoza a fair trial.

## G. Sufficiency of the Evidence

Mr. Espinoza challenged the sufficiency of the evidence on direct appeal, arguing that the identity of the voice on the tape was never established and that the rest of the evidence was circumstantial. The Colorado Court of Appeals concluded that the evidence was sufficient to establish that the voice was that of Mr. Espinoza and that reasonable jurors could draw inferences to establish all the elements of the crime. *See Espinoza I* at 11–12. The standard for whether evidence supporting a conviction is constitutionally sufficient is "whether, after

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Given the contents of the recording (e.g., Lopez asking for "Lipe" and being told he was at home), Bugarin's testimony that a conversation between Mr. Espinoza and Lopez took place that morning, and the testimony from DEA agents that they saw Mr. Espinoza leaving from and returning to the apartment during the tape recording, it is clear that the decision of the Colorado Court of Appeals was not "contrary to, [nor did it] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

## III.  CONCLUSION

Mr. Espinoza has not made a substantial showing of the denial of a constitutional right because "reasonable jurists" could not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. We therefore DENY his application for a COA. His request to

proceed *in forma pauperis* is GRANTED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge