**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ADRIAN D. LIVINGSTON,

      Petitioner-Appellant,

v.

STATE OF KANSAS; DAVID
MCKUNE,

      Respondents-Appellees.

No. 10-3076
(D.C. 5:09-CV-03056-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Adrian Livingston, a Kansas state inmate proceeding pro se,[1] seeks a

certificate of appealability ("COA") so that he may challenge the district court's

denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Livingston is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

moves for leave to proceed *in forma pauperis* on appeal. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny his request for a COA, dismiss this matter, and deny his motion to proceed without prepayment of fees.

## BACKGROUND

Mr. Livingston pled guilty to charges of second degree murder and aggravated robbery in October 2002, and was sentenced to 214 months' imprisonment. Following a failed attempt to withdraw his plea, Mr. Livingston appealed his conviction, claiming that he was pressured into pleading guilty by a combination of his lack of confidence in his plea attorney and his attorney's alleged promise that, should Mr. Livingston plead, the State would drop the aggravated robbery charge. Mr. Livingston also argued that the court's order of restitution was inappropriate because the state presented no evidence to support such an order. The Kansas Court of Appeals ("KCOA") found Mr. Livingston's arguments unpersuasive, and affirmed both his conviction and the restitution order. The Kansas Supreme Court declined to exercise its discretionary review.

A pro se petition for state post-conviction relief followed wherein Mr. Livingston alleged a bevy of injustices. The district court held an evidentiary hearing, and then dismissed the claims on the merits. In his post-conviction appeal, however, Mr. Livingston—now represented by counsel—narrowed his petition considerably, raising only one issue—*viz.*, whether his plea counsel was ineffective because he did not locate or elicit testimony from certain witnesses

2

who would have supported Mr. Livingston's claim of self-defense and because he allowed Mr. Livingston to plead to an inaccurate information. Mr. Livingston again met with no success before the KCOA: the state appellate court not only found these claims to be procedurally barred, as he had failed to raise them on his direct appeal, but also without merit. Again, the Kansas Supreme Court elected not to review.

Mr. Livingston then filed a pro se § 2254 petition with the United States District Court for the District of Kansas. In it, he claimed that: (1) he received ineffective assistance of plea counsel based on his lawyer's failure to inform him of an underlying speedy trial violation and his lawyer's failure to discover state's evidence and potential witnesses; (2) his plea was not knowing and voluntary because he was not advised as to his "viable" speedy trial defense prior to entering his plea; (3) his appellate counsel was ineffective for failing to raise claims—principally those based on his alleged speedy trial defense—which are now procedurally defaulted; (4) the state district court abused its discretion in his collateral proceeding by finding that the testimony of certain witnesses would have been inadmissible hearsay; and (5) his efforts to present his habeas claim have been hampered by the denial of his request for copies of transcripts.

In a thorough memorandum and order, the district court denied Mr. Livingston's petition. *See Livingston v. Kansas*, No. 5:09-CV-3056-SAC, 2010 WL 890213 (D. Kan. Mar. 10, 2010). As a threshold matter, the district court

3

found that Mr. Livingston's first, second, third, and fourth claims were procedurally defaulted. It nevertheless addressed the substance of all five claims, finding each to be devoid of merit. It subsequently declined to issue a COA, and denied Mr. Livingston's request to proceed *in forma pauperis* on appeal.[2] Mr. Livingston now seeks a COA from this court.

## DISCUSSION

"A COA is a jurisdictional pre-requisite to our review," *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *accord* 28 U.S.C. § 2253(c)(1)(A), and we will grant a COA "only 'if the applicant has made a substantial showing of the denial of a constitutional right,'" *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). To meet this burden, Mr. Livingston must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009). Where a district court rules on procedural grounds without reaching a petitioner's constitutional claims, a COA may be granted only when

---

[2] Mr. Livingston also submitted a Motion for Stay and Abeyance to the federal district court, which the court denied in light of its determinations regarding Mr. Livingston's other claims.

4

"jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In his petition to this court, Mr. Livingston makes, in essence, the same five arguments he made before the district court.[3] Having carefully reviewed the record on appeal, we substantially agree with the district court's handling of Mr. Livingston's claims, and find that he is not entitled to a COA on any issue.

## I.    Procedurally Defaulted Claims

Our review of Mr. Livingston's petition is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "strictly limits a federal court's ability to consider issues on habeas review that the state court deemed procedurally barred." *Hammon v. Ward*, 466 F.3d 919,

---

[3]    In addition to the five claims raised below, Mr. Livingston's petition identifies two "new" arguments to be raised on appeal that touch upon his speedy trial-related claims. Construing his application solicitously, we understand these arguments to be: (1) that the district court erred in its procedural default analysis by failing to appreciate that Mr. Livingston had preserved his speedy trial-related claims through supplemental filings to the KCOA; and (2) that the district court erred in its substantive analysis of Mr. Livingston's speedy trial claim by incorrectly calculating the time that was chargeable to him due to his plea counsel's request for a continuance. Technically, "new" arguments not raised below are waived, and thus ordinarily will not be considered by an appellate court. *See In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992). However, we read these arguments as supplementing his analysis of the other issues before us, and therefore will consider them as incorporated into his five original claims.

5

925 (10th Cir. 2006). Under AEDPA, we may not consider claims which "are defaulted in state court on adequate and independent state procedural grounds . . . unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (quoting *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008), *cert. denied*, 505 U.S. 1238 (2009)) (internal quotation marks omitted). To be "adequate," a state procedural ground must be "firmly established and regularly followed." *Smith*, 550 F.3d at 1274. "A state procedural default is 'independent' if it relies on state law, rather than federal law." *Fairchild*, 579 F.3d at 1141 (quoting *Smith*, 550 F.3d at 1274) (internal quotation marks omitted).

We agree with the district court's assessment that four of Mr. Livingston's claims are procedurally defaulted. First, Mr. Livingston failed to raise any arguments premised on his supposedly "meritorious" speedy trial defense either on direct appeal or post-conviction appeal—most directly and adversely impacting the procedural viability of his first and second claims. Although technically unexhausted, it is beyond dispute that these claims would be deemed procedurally barred by a Kansas state court were Mr. Livingston to attempt to present them in a second application for post-conviction relief. Not only would such an application be untimely under K.S.A. § 60-1507(f),[4] but it also would run

---

[4] K.S.A. § 60-1507(f)(1) requires that:

(continued...)

6

afoul of Kansas Supreme Court Rule 183(c), which dictates that a post-conviction

challenge cannot be used to redress trial errors not raised on direct appeal unless

"there were exceptional circumstances excusing the failure." *Cf. State v.*

*Mitchell*, 672 P.2d 1, 9 (Kan. 1983) (recognizing that, in Kansas, "Supreme Court

rules have the force of law"). Thus, these claims are subject to what we have

deemed an "anticipatory procedural bar." *Anderson v. Sirmons*, 476 F.3d 1131,

1139 n.7 (10th Cir. 2007).

Similarly, Mr. Livingston's failure to fully present his claims to the state

courts is also fatal to (a) his claim of ineffective assistance of plea counsel, as it

relates to the investigation and location of witnesses (i.e., the remainder of his

first claim) and (b) his claim that the state court abused its discretion in its

findings during Mr. Livingston's post-conviction challenge (i.e., his fourth

claim). Mr. Livingston did not raise this issue concerning witness investigation

and location on direct appeal, leading the KCOA on post-conviction appeal to

preface its merits-based dismissal of the claim with a note approving the state's

position that this claim was procedurally barred. And Mr. Livingston has not

---

[4](...continued)
> Any action under this section must be brought within one year of:
> (i) The final order of the last appellate court in this state to
> exercise jurisdiction on a direct appeal or the termination of such
> appellate jurisdiction; or (ii) the denial of a petition for writ of
> certiorari to the United States supreme court or issuance of such
> court's final order following granting such petition.

raised his abuse-of-discretion argument before the state courts at all, resulting in a

clear procedural bar to federal consideration. *See O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999) (observing that the exhaustion requirement dictates that a

§ 2254 petitioner "must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the state's established

appellate review process," including discretionary review by the state's highest

court).

Mr. Livingston nevertheless argues in his third claim that his appellate

counsel, both in his direct and post-conviction appeals, were ineffective for

failing to raise a claim concerning ineffective assistance of plea counsel relating

to the allegedly "viable" speedy trial issue. And, thus, Mr. Livingston contends

that he should be excused from the procedural bar.[5] While it is unquestionably

---

[5]    In the alternative, Mr. Livingston argues that this issue actually *is*
fully exhausted, as he raised it in a pro se supplemental brief that he submitted to
the KCOA and in the Rule 6.09 Letter of Supplemental Authority submitted by
his attorney. The district court considered this argument and found it
unpersuasive. We agree that it misses the mark. Mr. Livingston's attorney raised
a single argument in the collateral proceedings—a decision that Mr. Livingston is
bound by. *See Faretta v. California*, 422 U.S. 806, 820 (1975) ("[W]hen a
defendant chooses to have a lawyer manage and present his case, law and
tradition may allocate to the counsel the power to make binding decisions of trial
strategy in many areas."); *see also Gripe v. City of Enid, Okla.*, 312 F.3d 1184,
1189 (10th Cir. 2002) (noting the myriad of circumstances in which clients can be
bound by the omission or inaction of their counsel). While Mr. Livingston did
attempt to file a pro se brief with the state appellate court during the pendency of
his post-conviction appeal, the KCOA denied the motion to supplement, and thus
any arguments raised therein were not properly before the court. Further, "[a]
(continued...)

8

true that ineffective assistance of counsel may constitute the "cause" necessary to excuse a procedural default, *see Murray v. Carrier*, 477 U.S. 478, 488 (1985), we nevertheless agree with the district court that this argument is without merit here. Not only did Mr. Livingston fail to raise the ineffectiveness of his direct-appeal counsel to the KCOA in his post-conviction petition, thereby precluding him from asserting it as "cause" for his procedural default, *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000) (recognizing that a claim of ineffective assistance of counsel must be first raised as an independent constitutional claim in state court before it can be used to establish cause for procedural default), he also is foreclosed from establishing "cause" through a claim of ineffective assistance of his post-conviction appellate counsel, as it has been plainly established that there is no Sixth Amendment right to counsel in such instances. *See Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991); *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007).

---

[5](...continued)
new issue raised in a letter submitted pursuant to [Kansas] Supreme Court Rule 6.09 is generally not preserved for review before an appellate court." *State v. Greever*, 183 P.3d 788, 794 (Kan. 2008); *see also State ex rel. Moeller v. White*, 216 P.3d 727, 730 (Kan. App. 2009) ("A letter of additional authority pursuant to [Kansas] Supreme Court Rule 6.09(b) is reserved for citing significant relevant authorities not previously cited which come to a party's attention after briefing, not for raising new issues."); *cf. United States v. Kimler*, 335 F.3d 1132, 1138 n.6 (10th Cir. 2003) (refusing to consider an argument raised for the first time in a Federal Rule of Appellate Procedure Rule 28(j) letter). Consequently, reasonable jurists could not disagree with the district court's conclusion that this issue was not properly exhausted.

Furthermore, for similar reasons, we conclude that reasonable jurists could not debate the correctness of the district court's determination that the remainder of Mr. Livingston's third claim—relating to alleged ineffective assistance of appellate counsel in failing to raise the other issues now subject to procedural default—also is procedurally barred. Mr. Livingston failed to present the issue of ineffective assistance of appellate counsel to the state courts for one full round of appellate review, and thus he has procedurally defaulted it.

By neglecting to raise this claim in his post-conviction proceeding, he also cannot now use it to excuse his procedural default concerning his other claims. *See Edwards,* 529 U.S. at 451–52. And, this failure cannot be cured by alleging ineffective assistance of post-conviction appellate counsel, as there is no federal constitutional right to such counsel. *See Cummings*, 506 F.3d at 1223. Thus, we believe that reasonable jurists could not disagree with the district court's resolution of this matter.

Mr. Livingston attempts to avoid this result by claiming that "Kansas does provide a statutory right to counsel on collateral attack," Aplt. Opening Br. at 9 (quoting *Brown v. State*, 101 P.3d 1201, 1203 (Kan. 2004)), and thus "when counsel fail[ed] to effectively assist him, he violate[d] K.S.A. [§] 22-4506(b)[, thereby] [p]rejudicing . . . appellant by depriving him of procedural due process, a constitutional 14th Amendment violation," *id.* Kansas does recognize a right to effective assistance of appellate counsel in post-conviction proceedings where an

attorney is appointed pursuant to K.S.A. § 22-4506. *See Brown*, 101 P.3d at 1203–04 (holding that when counsel is appointed by statute in a post-conviction setting, counsel must not be ineffective lest the appointment become little more than a useless formality). However, § 2254 petitions are aimed at vindicating *federal constitutional rights*, not those that are based in state law. *See, e.g., Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) ("[Section] 2254 exists to correct violations of the United States Constitution, not errors of state law.").

The right Mr. Livingston is seeking to vindicate is ultimately a matter of state law, and therefore federal habeas relief would be an inappropriate remedy in this context. Mr. Livingston's contention that federal law is implicated—specifically, the Due Process Clause of the Fourteenth Amendment—because Kansas's recognition of a right to effective assistance of post-conviction appellant counsel vests him with a protected liberty interest is without merit. The cases Mr. Livingston cites do not support this proposition. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Curtis Ambulance of Fla., Inc. v. Bd. of Cnty. Comm'rs*, 811 F.2d 1371, 1375 (10th Cir. 1987).

Furthermore, we have cogently rejected (albeit in an non-precedential opinion) a very similar argument. *See Espinoza v. Estep*, 276 F. App'x 781, 786 (10th Cir. 2008) (holding that "[w]e are not at liberty to consider" an argument that "a limited state right to effective assistance of postconviction counsel . . . creates an interest that cannot be denied without violating the Due Process Clause

11

of the Fourteenth Amendment" because it is precluded by 28 U.S.C. § 2254(i), which was not alleged to be unconstitutional).  And the conclusion we reached in *Espinoza* finds support in other authorities.  *See* 28 U.S.C. § 2254(i) (providing that "[t]he ineffectiveness . . . of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"); *Martinez v. Johnson*, 255 F.3d 229, 245 (5th Cir. 2001) (stating that in light of § 2254(i), the court was "unpersuaded" by petitioner's argument "that the State of Texas violated the Fourteenth Amendment by arbitrarily depriving him of his statutorily-created liberty interest in a competent post-conviction counsel"); *see also Shackelford v. Armontrout*, 950 F.2d 521, 522 (8th Cir. 1991) (rejecting petitioner's argument that a Missouri Supreme Court rule "mandating appointment of counsel in post-conviction proceedings, created a state liberty interest in effective assistance of counsel"); *cf. Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995) ("Bonin's contention that he was deprived of a state-created liberty interest in having two attorneys make closing arguments must therefore fail. . . . [T]here is certainly no federal constitutional right to have two attorneys make closing arguments even in death penalty cases." (citation omitted)).  Accordingly, Mr. Livingston's argument, which is at bottom predicated on state law and involves the attempted vindication of state-law rights, is not the proper subject of habeas proceedings.

We note that in addition to its procedural analysis, the district court

12

reached the merits of Mr. Livingston's four claims. We need not go that far. We find the court's procedural grounds to be sufficient to dispense with these issues. Given that Mr. Livingston has failed to show the "cause" necessary to excuse his procedural default or that enforcement of the default will result in a fundamental miscarriage of justice, reasonable jurists could not disagree with the conclusion that Mr. Livingston's first, second, third, and fourth claims are procedurally barred. *See Johnson v. Champion*, 288 F.3d 1215, 1223 (10th Cir. 2002).

## II. Denial of Access to Transcripts

In his final claim, Mr. Livingston alleges that his efforts to challenge his convictions were hampered by an unconstitutional deprivation of access to his state criminal and post-conviction transcripts. The district court found no merit to this claim, noting that Mr. Livingston's counsel in the state proceedings had been provided with copies of relevant transcripts, that appointment of counsel was an acceptable alternative to providing Mr. Livingston personally with a separate free copy of the state court record, and that Mr. Livingston's own filings, which included photocopied transcript sections, demonstrated that he had access to at least some of the record. *Livingston*, 2010 WL 890213 at *19.

We find no fault with the district court's conclusion. "[A]n indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error." *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam) (citing *Hines v. Baker*, 422 F.2d 1002 (10th Cir. 1970)). Instead, an

13

indigent petitioner's entitlement to a free trial transcript turns on his ability to present a non-frivolous claim. *See Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993); *see also United States v. MacCollom*, 426 U.S. 317, 326 (1976) (plurality opinion). In this case, Mr. Livingston has failed to put forward any non-frivolous argument. His bald assertion that his claim to transcripts has merit because "his motion[s] for transcripts have been granted twice already" by other courts, Aplt. Opening Br. at 14, offers us little pause. Reasonable jurists could not disagree with the district court's conclusion that Mr. Livingston failed to articulate a cogent argument for additional access to transcripts, especially in light of the access which he has already clearly been afforded.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Livingston's application for a COA and **DISMISS** his appeal. Further, as Mr. Livingston failed to identify a reasoned, non-frivolous argument on appeal, we **DENY** his request to proceed *in forma pauperis*. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997).

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

14