**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KIPTON E. FLEMING,

      Petitioner-Appellant,

v.

EDWARD EVANS,

      Respondent-Appellee.

Nos. 10-6173, 12-6248
(D.C. No. 5:05-CV-00690-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **EBEL** and **TYMKOVICH**, Circuit Judges.

      Defendant-Appellant Kipton Fleming, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") in order to appeal the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks a COA to appeal the district court's denial of his requests for appointment of counsel and for leave to proceed in forma pauperis ("IFP"). We GRANT Fleming's renewed request to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceed IFP; however, having carefully reviewed the record and Fleming's arguments, we conclude that Fleming has failed to make a substantial showing of the denial of a constitutional right. We therefore DENY his requests for a COA. We also DENY his renewed request for appointment of counsel and DISMISS this appeal.

## BACKGROUND

In 2001, Fleming was sentenced to thirty years' imprisonment for felony assault and battery with a dangerous weapon and one year of time served for misdemeanor domestic abuse assault and battery. See Fleming v. Evans, 481 F.3d 1249, 1252 (10th Cir. 2007) (summarizing Oklahoma state-court proceedings). Fleming filed his federal habeas petition in the United States District Court for the Western District of Oklahoma in June 2005. In that petition, Fleming

> [r]aise[d] several constitutional claims related to each count of conviction. Specifically, he claim[ed] that he received ineffective assistance of counsel on both counts, that his convictions violate[d] the Double Jeopardy Clause, and that he was denied due process of law due to the state's use of perjured testimony at trial and its concealment of a plea agreement struck with one of its primary witnesses.

Fleming, 481 F.3d at 1252. In March 2006, the district court dismissed Fleming's entire petition as time-barred and denied his application for COA. Id.

Fleming then sought a COA from this Court. Id. In April 2007, we granted Fleming's application for a COA, vacated the district court's decision, and remanded for an evidentiary hearing on the issue of equitable tolling and, if necessary, further proceedings regarding Fleming's constitutional claims. Id.

2

On remand, the district court appointed counsel to represent Fleming throughout the proceedings.[1]  After the magistrate judge held an evidentiary hearing, the district court adopted in full the magistrate's order recommending that Fleming was entitled to equitable tolling on his claims related to his felony conviction, but not on his claims related to his misdemeanor conviction.[2]  From October 2009 to June 2010, the magistrate judge issued piecemeal recommendations advising the district court to deny on the merits each of Fleming's claims related to his felony conviction.  The district court adopted all of the magistrate's recommendations in full.[3]  It dismissed Fleming's petition on June 30, 2010.

Fleming filed an appeal through retained counsel.  However, counsel failed to file the required preliminary documents, and the appeal was dismissed for lack of prosecution.  In June 2012, pursuant to Fleming's pro se motion, the appeal was reinstated.  Fleming then filed pro se requests with the district court for appointment of

---

[1] The district court first appointed Fred Staggs, an attorney from the Office of the Federal Public Defender ("OFPD"), to represent Fleming.  Unsatisfied with Staggs' performance, Fleming sought and received appointment of substitute counsel from OFPD, Joseph Wells.  Fleming later decided to replace Wells with retained counsel, Paul Faulk.

[2] At this juncture, Fleming does not appear to take issue with the district court's conclusion that he was not entitled to equitable tolling on his claims relating to his misdemeanor conviction.

[3] Accordingly, subsequent references in this Order to the district court's reasoning refer to both the district court's independent reasoning as well as the magistrate judge's recommendations adopted by the district court.

counsel and for leave to proceed IFP, both of which the district court denied.  Fleming now seeks a COA to appeal those rulings, as well as the district court's denial of his claims on the merits.  He also renews his requests for appointment of counsel and for leave to proceed IFP.

## DISCUSSION

### A.  Standard for granting a COA

This Court lacks jurisdiction to consider the merits of a habeas appeal unless we grant the applicant a COA.  28 U.S.C. § 2253(c)(1)(A).  We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  "This standard requires an applicant to show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further . . . ."  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

### B.  Appointment of counsel and leave to proceed IFP

#### a.  Fleming's appeal of the district court's denial of his requests for appointment of counsel and leave to proceed IFP

Fleming appeals the district court's denial of his requests for appointment of counsel and for leave to proceed IFP.  Construing Fleming's pro se briefing liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), we understand Fleming to argue that the district court erred when it (1) denied Fleming's request to proceed IFP before

4

providing Fleming "prior notice" about his eligibility for appointed counsel; (2) denied

Fleming's request to proceed IFP without first determining Fleming's eligibility for

appointment of new counsel; (3) denied Fleming's request to proceed IFP, even though

Fleming had no counsel to make his "reasoned, nonfrivolous" arguments for him; (4)

denied Fleming's request for new counsel before addressing Fleming's prior counsel's

negligence, abandonment, and ill will toward Fleming; and (5) denied Fleming's request

for new counsel to assist with his application for COA, especially because this Court

never allowed Fleming's prior counsel to withdraw, see Tenth Cir. R. 46.4(A), and his

prior counsel handled this appeal inadequately.

We need not address Fleming's first three arguments related to the district court's

refusal to grant him leave to proceed IFP, because our decision to grant IFP moots that

issue. As to Fleming's fourth and fifth claims—those relating to Fleming's appeal of the

district court's refusal to appoint counsel to assist him with his reinstated appeal—outside

of extraordinary circumstances not present here, see Martinez v. Ryan, 132 S. Ct. 1309

(2012), there is no constitutional right to counsel beyond the appeal of a criminal

conviction. See Coleman v. Thompson, 501 U.S. 722 (1991). Indeed, "[t]he

appointment of counsel in a habeas action lies within the sound discretion of the habeas

court unless the case is so complex that the denial of counsel would amount to the denial

of due process." Holloway v. Hatch, 250 F. App'x 899, 901 (10th Cir. 2007)

(unpublished) (internal quotation marks omitted); accord Swazo v. Wyo. Dept. of Corr.

State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).

5

Fleming has not argued that his case is "so complex that the denial of counsel would amount to the denial of due process," see Holloway, 250 F. App'x at 901, and we would have rejected such an argument had he advanced it. Nor do we discern, from the district court's failure explicitly to address Faulk's performance before denying Fleming's Motion for Appointment of Counsel, any other "fundamental unfairness impinging on due process rights."[4] See Long v. Shillinger, 927 F.2d 525, 527 (10th Cir.1991). And, as explained in greater detail below, Faulk's failure to withdraw as Fleming's counsel in accordance with this Court's appellate rules did not trigger a new constitutional right to counsel. See Tenth Cir. R. 46.4. Therefore, we reject Fleming's claim that the district court should have appointed counsel for him here. See Espinoza v. Estep, 276 F. App'x 781, 784 (10th Cir. 2008) (unpubished) ("We lack jurisdiction under § 2254 to grant a COA on [Fleming's] argument that the district court should have appointed counsel for him," because "there is no constitutional right to assistance of counsel in pursuit of habeas relief.").

---

[4] Indeed, we note that Fleming made the decision himself to replace Joseph Wells, a competent OFPD lawyer whose performance in this case was commendable, with Faulk. More importantly, even if Faulk had performed adequately, Faulk would have been allowed to withdraw as Fleming's counsel after filing a satisfactory IFP motion in the district court on Fleming's behalf. See Order, Sept. 15, 2010; 10th Cir. R. 46.4. To that end, we reiterate that Fleming's appeal has been reinstated and Fleming filed his own motion for IFP before the district court.

### b. Fleming's renewed request for appointment of counsel

Liberally construing Fleming's briefs as we must, we also understand him to request that we appoint counsel for him now because, <u>inter alia</u>, his former counsel, Paul Faulk, never satisfied this Court's criteria for withdrawal, <u>see</u> Tenth Cir. R. 46.4(A)(5), and because Faulk mishandled Fleming's appeal.[5]

By way of background, after Faulk filed Fleming's appeal with this Court, Faulk attempted to withdraw as counsel, citing Fleming's inability to pay for Faulk's continued services. This Court denied Faulk's motion seeking leave to withdraw, and it notified Faulk of his responsibility to represent Fleming until Faulk cured certain deficiencies in Fleming's appeal. <u>See</u> 10th Cir. R. 3.4, 10.1, 46.1(A), 46.3(A), 46.4(A)(5)(a), (b) & (d). Faulk failed to cure the defects we identified, and, after issuing an additional warning, we ordered him to show cause why he should not be referred to a disciplinary panel for sanctions.

Nearly a month later, Faulk submitted a three-sentence response to the show-cause order, "apoligiz[ing] to the court for his mistakes and inability to fulfill the requirements," and pledging his "commit[ment] to becoming more diligent in meeting

---

[5] This Court already has denied summarily Fleming's request for counsel in connection with his original appeal, Case No. 10-6173. However, in provisionally denying Fleming's request for counsel in connection with his reinstated appeal, Case No. 12-6248, we noted that we would "consider the possibility of appointing counsel for the appellant [when] the case has been fully briefed and the court . . . ha[s] an opportunity to consider the appellant's own statement of his arguments on appeal." We now address his request.

obligations." Response to Show Cause Order, Oct. 4, 2010. But almost immediately, Faulk earned another rebuke from this Court when he filed a defective motion seeking leave for Fleming to proceed IFP. Instead of attempting to rectify the problem, Faulk allowed Fleming's appeal to be dismissed for lack of prosecution.

Then, in June 2012, pursuant to Fleming's pro se motion, we reinstated Fleming's appeal. We also issued a new show-cause order to Faulk, reminding him that "[t]his appeal was originally dismissed because . . . Faulk [] violated this court's rules and failed to comply with the court's numerous orders regarding the perfection of this appeal." Order, June 15, 2012. Perhaps finally realizing the seriousness of his disciplinary predicament, Faulk filed a response containing a full-throated apology and an explanation of his unacceptable performance. We discharged the June 2012 show-cause order, but we stressed that Faulk's "conduct in this appeal was unacceptable," and further cautioned that "future violations may result in [Faulk's] immediate referral to the court's attorney discipline program." Order, July 9, 2012

In sum, following the district court's dismissal of Fleming's habeas petition, Faulk's representation of Fleming was unacceptable. However, while we sympathize with Fleming on that account, Faulk's poor performance does not warrant appointment of new counsel. As we already stated, Fleming's case is not complex. See Holloway, 250 F. App'x at 901. And, as will be apparent from the discussion below, the claims Fleming advances to this Court are not meritorious. We also reject Fleming's argument that counsel's failure to comply with the withdrawal provisions of the Tenth Circuit's Rules

8

of Procedure creates a right to counsel where none otherwise exists. The Tenth Circuit's rules govern the <u>duties</u> of counsel during the process of withdrawal and appeal prosecution, not the <u>rights</u> of the represented litigant. <u>See</u> 10th Cir. R. 46; <u>cf. also</u> <u>Coleman</u>, 501 U.S. at 752.

Accordingly, while Faulk's failure to comply with the Court's procedural rules for withdrawal put Faulk at risk for disciplinary action (and possibly a suit for malpractice), his shortcomings do not entitle Fleming to appointed counsel. We therefore DENY Fleming's request for counsel. [6]

## C. Fleming's remaining claims

Fleming advances two additional claims: (1) that the district court erred in failing to address some of Fleming's <u>Brady</u> claims; and (2) that the district court erred when it refused to provide Fleming with an in-person evidentiary hearing on the issue of whether the prosecution knowingly elicited perjured testimony from a witness at Fleming's trial. As to both of these claims, Fleming has not shown that reasonable jurists could debate

---

[6] We pause to note that, in Faulk's final Response to Order for Counsel to Show Cause, Faulk stated that "[he] stands ready, willing, and able to assist Mr. Fleming, pro bono, with the completion of his reinstated appeal." The record does not indicate whether Fleming was ever made aware of Faulk's offer. In any event, we reiterate that Fleming has no right to counsel at this stage of the proceedings, <u>see</u> <u>Coleman</u>, 501 U.S. at 752, and he has already had the benefit of counsel to brief the only potentially meritorious constitutional claims he has advanced throughout this litigation. To that end, we have carefully reviewed the briefing Fleming's counsel submitted to the lower court in connection with his claims.

whether the issues he presents are "adequate to deserve encouragement to proceed further." See Yang, 525 F.3d at 928.

### 1. The district court adequately addressed each of Fleming's Brady claims

Fleming claims that the district court erred when it limited its consideration of his Brady claims to those involving the prosecutor's alleged knowing use of perjured testimony about "crime incident events." Aplt. Br. at 20-23. Specifically, Fleming claims that he also intended to "incorporate[]" some of his "Ground One" ineffective assistance of counsel claims "into his Ground Four [Brady] claim." Id. at 22-23. Indeed, Fleming is correct to note that several of the arguments that appear in his habeas petition under his "Ground One" claim could be liberally construed as freestanding Brady claims.

In fact, the district court did address each of Fleming's "Ground One" Brady claims. See Doc. 156, at 6-16 (disposing of Fleming's Brady claims related to the prosecutor's alleged failure to disclose (1) promises to dismiss pending felony charges against a witness in exchange for testimony; (2) suspension of a sentence on a felony charge for that witness; (3) provision of counsel to that witness; and (4) the gift of a car to that witness).[7]

After carefully reviewing the district court's orders dismissing each of Fleming's Brady claims, for substantially the reasons expressed by the district court, we agree that

_____

[7] Perhaps Fleming's confusion on this point stems from the district court's disposal of Fleming's "Ground One" Brady claims in an order issued prior to the one disposing of Fleming's Brady claim involving the prosecutor's alleged knowing use of perjured testimony about "crime incident events." Compare Doc. 156 with Doc. 173.

10

Fleming's claims lack merit. Accordingly, Fleming has not "made a substantial showing of the denial of a constitutional right," <u>see</u> 28 U.S.C.A. § 2253(c)(2), in connection with his <u>Brady</u> arguments.

### 2. Fleming was not entitled to an in-person evidentiary hearing

Fleming contends that the district court abused its discretion because it did not hold an in-person evidentiary hearing to resolve the matter of whether the prosecution knowingly solicited perjured testimony from a witness at trial. But Fleming's retained counsel, Paul Faulk, requested on Fleming's behalf that this second evidentiary hearing be held by submission of affidavits in lieu of live testimony. <u>See</u> Doc. 193 ("The parties advise the Court they are in agreement that the hearing should be conducted in this manner."); <u>see also</u> 28 U.S.C.A. § 2246 ("On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, <u>by affidavit</u>" (emphasis added)). Accordingly, we reject this argument.[8]

---

[8] Although we do not read Fleming's habeas petition to re-raise them here, to the extent that Fleming also reasserts his claims involving (1) the prosecutor's alleged knowing use of perjured testimony and (2) ineffective assistance of counsel for failure to raise an objection on this ground, we reject those arguments for substantially the reasons articulated by the district court.

**CONCLUSION**

For the foregoing reasons, we GRANT Fleming's motion to proceed IFP, but we DENY his request for a COA and appointment of counsel and DISMISS this appeal.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

12